IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
_____DALLAS_____ DIVISION

Southwestern Bell Telephone Company, et al.,   §
§
**Plaintiff**
§               3-09CV1268-P
v.                                              Case Number
§
IDT Telecom, Inc., Entrix Telecom, Inc., and John Does 1-10,   §
§
**Defendant**

JUL 2 1 2009

## APPLICATION AND ORDER FOR ADMISSION *PRO HAC VICE*

**I.**  Applicant is an attorney and a member of the law firm of (or practices under the name of)

\_\_\_\_\_Mayer Brown LLP\_\_\_\_\_, with offices at \_\_\_\_\_71 S. Wacker Dr.\_\_\_\_\_,
(Street Address)

\_\_\_\_\_Chicago\_\_\_\_\_, \_\_\_\_\_Illinois\_\_\_\_\_, \_\_\_60606\_\_\_, \_\_(312) 701-7180\_\_.
(City)          (State)          (Zip Code)   (Telephone No.)

**II.**  Applicant will sign all pleadings with the name \_\_\_\_\_Theodore A. Livingston\_\_\_\_\_.

**III.**  Applicant has been retained personally or as a member of the above-named firm by
Southwestern Bell Telephone Company, BellSouth Telecommunications, Inc., Illinois Bell Telephone Company, Indiana Bell Telephone Company, Inc., Michigan Bell Telephone Company, Nevada Bell Telephone Company, Pacific Bell Telephone Company, The Ohio Bell Telephone Company, The Southern New England
(List All Parties Represented) Bell Telephone Company and Wisconsin Bell, Inc.
to provide legal representation in connection with the above-styled matter now pending before the United States District Court, for the Northern District of Texas.

**IV.**  Applicant is a member in good standing of the bar of the highest court of the state of

\_\_\_\_\_Illinois\_\_\_\_\_, where Applicant regularly practices law.

Bar license number: \_\_\_01678507\_\_\_   Admission date: \_\_\_November 6, 1973\_\_\_.

**V.**  Applicant has also been admitted to practice before the following courts:

Court:                          Admission Date:        Active or Inactive:
\_\_\_See Attachment A\_\_\_         _____        _____

## ATTACHMENT A

| Court: | Admission Date: | Active or Inactive: |
|---|---|---|
| Supreme Court of IL | November 06, 1973 | Active |
| U.S. District Court, N.D. of IL | December 11, 1973 | Active |
| U.S. District Court, N.D. of IL, Trial Bar | 1982 | Active |
| U.S. District Court, E.D. of MI | November 10, 1998 | Active |
| U.S. District Court, W.D. of MI | April 2, 1998 | Active |
| U.S. District Court, E.D. of WI | January 12, 2007 | Active |
| U.S. District Court, N.D. of FL | May 26, 2009 | Active |
| U.S. Court of Appeals for the 5th Cir. | July 18, 1988 | Active |
| U.S. Court of Appeals for the 6th Cir. | April 6, 1998 | Active |
| U.S. Court of Appeals for the 7th Cir. | September 25, 1975 | Active |
| U.S. Court of Appeals for the 8th Cir. | November 9, 1998 | Active |
| U.S. Court of Appeals for the 9th Cir. | September 11, 1984 | Active |
| U.S. Court of Appeals for the 10th Cir. | June 15, 2007 | Active |
| U.S. Court of Appeals for the 11th Cir. | February 5, 2001 | Active |
| U.S. Court of Appeals for the D.C. Cir. | August 15, 1997 | Active |
| U.S. Supreme Court | November 27, 2000 | Active |

VI.     Applicant has never involuntarily lost, temporarily or permanently, the right to practice before any court or tribunal, or resigned in lieu of discipline, except as provided below:

Due to my inadvertent failure to notify the Clerk of the Indiana Supreme Court that a pro hac vice renewal fee was not required for 2009 due to the fact that all Indiana proceedings in which I appeared in 2008 had concluded, I was temporarily excluded from the practice of law in Indiana. I filed a petition for relief from exclusion. The Court granted my petition on May 5, 2009 and waived the requirement to pay renewal dues for 2009.

VII.    Applicant has never been subject to grievance proceedings or involuntary removal proceedings—regardless of outcome—while a member of the bar of any state or federal court or tribunal that requires admission to practice, except as provided below:

None other than proceeding described in response to item VI above.

VIII.   Applicant has not been charged, arrested, or convicted of a criminal offense or offenses, except as provided below (omit minor traffic offenses):

None

IX.     Applicant has filed for *pro hac vice* admission in the United States District Court for the Northern District of Texas during the past three (3) years in the following matters:

| Date of Application | Case No. And Style |
|---|---|
| 3/06/2008 | Southwestern Bell Telephone Co. v. Global Crossing Telemanagement, Inc., 3-08-CV-00259 |

(If necessary, attach statement of additional applications.)

X.      Local counsel of record associated with Applicant in this matter is _____Richard M. Parr_____ who has offices at _____AT&T Services, Inc., 208 S. Akard, Suite 2935, Dallas, Texas 75202_____,
(Address)
_____(214) 757-3386_____.
(Telephone No.)

XI.     Check the appropriate box below.

For Application in a **Civil Case**

☑       Applicant has read *Dondi Properties Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc), and the local civil rules of this court and will comply with the standards of practice adopted in *Dondi* and with the local civil rules.

For Application in a **Criminal Case**

☐       Applicant has read and will comply with the local criminal rules of this court.

XII.    Applicant respectfully requests to be admitted to practice in the United States District Court for the Northern District of Texas for this cause only.

SIGNED this __16th__ day of _____July_____, 20__09__.

_____
Theodore A. Livingston
Printed Name of Applicant

*[signature]*
Signature

I hereby certify that I have served a true and correct copy of this document upon each attorney of record and the original upon the clerk of court accompanied by a $25.00 filing fee on this __16th__ day of _____July_____, __2009__.

_____
Theodore A. Livingston
Printed Name of Applicant

*[signature]*
Signature

---

## ORDER

The Court, having considered the above Application for Admission *Pro Hac Vice*, orders that:

☑  the application be granted. The Clerk of Court shall deposit the application fee to the account of the Non-Appropriated Fund of this Court.

☐  the application be denied. The Clerk of Court shall return the admission fee to the Applicant.

*July 21, 2009*  
DATE

*Jorge A. Solis*  
JUDICIAL OFFICER