UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SOUTHWESTERN BELL TELEPHONE COMPANY, BELLSOUTH TELECOMMUNICATIONS, INC., ILLINOIS BELL TELEPHONE COMPANY, INC., MICHIGAN BELL TELEPHONE COMPANY, NEVADA BELL TELEPHONE COMPANY, PACIFIC BELL TELEPHONE COMPANY, THE OHIO BELL TELEPHONE COMPANY, THE SOUTHERN NEW ENGLAND BELL TELEPHONE COMPANY, and WISCONSIN BELL, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> IDT TELECOM, INC., ENTRIX TELECOM, INC., and JOHN DOES 1-10, <br><br> Defendants. | CIVIL ACTION NO.  09-CV-1268 |

**DEFENDANTS' MOTION TO STAY BASED ON THE DOCTRINE OF PRIMARY JURISDICTION OR, IN THE ALTERNATIVE, TO DISMISS THE COMPLAINT PURSUANT TO Fed. R. Civ. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM**

**TO THE HONORABLE COURT**:

Defendants IDT Telecom, Inc. and Entrix Telecom Inc. (collectively, "IDT Telecom") file this motion seeking to stay this action brought by Southwestern Bell Telephone Company and nine other local exchange carriers (collectively, "Plaintiffs") until the regulatory issues raised by the Complaint are resolved by the Federal Communications Commission ("FCC"). In the alternative, IDT Telecom respectfully asks the Court to dismiss Plaintiffs' causes of action seeking "switched access" fees from IDT Telecom pursuant to Fed. R. Civ. P. 12(b)(6) because they fail to state a claim upon which relief can be granted.

# I. SUMMARY

1. Plaintiffs are local exchange carriers ("LECs") who filed this lawsuit seeking payment for switched access charges from IDT Telecom when local calls are made to local numbers owned by third parties and then forwarded to the prepaid calling card service provider's platform by the third party, here competitive local exchange carriers ("CLECs").

2. Plaintiffs allege that IDT Telecom breached Plaintiffs' federal and state tariffs, by <u>not</u> purchasing local number services from Plaintiffs and instead purchasing those services from third parties.

3. Plaintiffs bring this action against IDT Telecom based on the mistaken assumption that Plaintiffs provided switched access services to IDT Telecom and that they are entitled to collect "switched access charges" from IDT Telecom under certain unidentified federal and state tariffs. In the alternative, Plaintiffs claim that IDT Telecom unjustly enriched itself because it accepted and retained the benefit of Plaintiffs' call-origination services. (Compl. ¶ 56).

4. Plaintiffs' allegations, however, skip over several predicate questions that must be answered before any liability issues can be decided in this case. Most fundamentally, Plaintiffs' claims would require the Court to determine whether Plaintiffs' tariffs even apply to IDT Telecom.

5. As the Complaint acknowledges, the FCC has been actively addressing regulatory issues regarding calling cards and the applicability of certain switched access charges to various calling card products. (*See* Compl. ¶¶ 29-31); *see also* Arizona Dialtone Inc. Petition for Reconsideration, WC Docket No. 05-68, at 1 (filed Aug. 31, 2006) (IDT Appendix 00023 to 00056).

6.      Resolution of the causes of action set forth in the Complaint requires consideration of many thorny issues of law and fact, all of which feature prominently in ongoing FCC proceedings relating to prepaid calling cards.  Accordingly, the Court should stay this action based on the doctrine of primary jurisdiction and exercise its discretion and refer this regulatory dispute about the application of switched access charges to the FCC, the administrative body made responsible for ensuring a comprehensive and fair inter-carrier compensation regime, and which is already considering this very issue.  *See Pleading Cycle Established for Arizona Dialtone Inc. Petition for Reconsideration and IDT Telecom, Inc. Petition for Clarification or, in the Alternative, for Reconsideration of Prepaid Calling Card Order*, FCC Public Notice (rel. Sept. 28, 2006).

7.      In the alternative, if this Court decides not to invoke the doctrine of primary jurisdiction and stay this action pending resolution of the Complaint's regulatory issues by the FCC, the Court should dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6).

## II. LEGAL AND/OR FACTUAL GROUNDS ON WHICH MOTION RELIES

Defendants hereby move to stay this matter and refer Plaintiffs' disputes to the FCC or, in the alternative, dismiss the Complaint on the following grounds:

8.      The Complaint proceeds on two assumptions both of which raise fundamental predicate questions within the FCC's area of expertise.  Plaintiffs mistakenly assume that:  (i) they are owed "switched access charges" for local calls made by their customers on calling cards even though those calls are handed off to CLECs and not IDT Telecom; and (ii) it is the prepaid calling card companies' responsibility for making these payments.  The history behind these issues shows that resolution of Plaintiffs' claims requires the FCC's technical and policy expertise.

**FCC Decisions and Pending Proceedings**

9.  As set forth in Defendants' supporting brief, over the last decade, the FCC has been engaged in establishing a fair and comprehensive inter-carrier compensation regime. The FCC has issued numerous decisions regarding the fees that carriers must pay each other, including switched access charges. Similarly, the FCC has issued numerous decisions regarding the fees and charges that prepaid calling card companies must pay.

10. As part of this ongoing process, on June 30, 2006, the FCC issued an order regarding payment of access charges to LECs resulting from long distance calls made using calling cards accessed by dialing a toll-free 8YY number. *In re Regulation of Prepaid Calling Card Services*, 21 FCC Rcd 7290 (rel. June 30, 2006) ("the June 30 FCC Order"). In discussing access charges, the FCC made clear that the access charges that were being discussed were those relating to calling card calls initiated by dialing 8YY numbers.

11. The calls at issue in the Complaint, however, are materially different from those 8YY number calls which were the subject of the FCC's June 30 Order. Defendants have not, in Plaintiffs' words "avoided" the payment for telecommunications services to Plaintiffs. IDT Telecom has not contracted with Plaintiffs for these services. Rather, IDT Telecom purchases services from CLECs, whereby the CLEC provides a local number which can be dialed by a consumer to reach IDT Telecom's prepaid card platform. The calls originating on a local number are routed to the CLEC's switch and then are sent to IDT Telecom's prepaid calling card platform. IDT Telecom does not purchase switched access from Plaintiffs nor does IDT Telecom purchase switched access from CLECs for this service. Thus, IDT Telecom has no direct dealings with Plaintiffs and no tariff, interconnection agreement or contract between IDT Telecom and Plaintiffs is applicable to the issues raised in the Complaint.

12. Recognizing the limitations of the June 30 FCC Order, Arizona Dialtone Inc, a CLEC providing local telephone service, petitioned the FCC for reconsideration. Among other things, Arizona Dialtone asked the FCC to "clarify the party responsible to pay access charges when local access is used to place a prepaid calling card call." Arizona Dialtone Inc. Petition for Reconsideration, WC Docket No. 05-68, at 1 (filed Aug. 31, 2006) (IDT Appendix 00023 to 00056).

13. In response to the Arizona Dialtone Petition, the FCC established a pleading cycle inviting public comments on this question. Since then, numerous other telecommunications companies have joined in Arizona Dialtone's request for clarification and have asked the FCC to clarify <u>whether</u> such access charges must be paid and <u>if</u> they are payable, <u>who</u> must make payment.

14. To date, the FCC has not resolved these open issues which are at the core of Plaintiffs' claims here.

**<u>Applicability of the Doctrine of Primary Jurisdiction</u>**

15. The doctrine of primary jurisdiction is a judicially-created doctrine whereby a court of competent jurisdiction may stay an action pending resolution of some portion of the action by an administrative agency, here the FCC. *See Penny v. Southwestern Bell Tel. Co.*, 906 F.2d 183, 187 (5th Cir. 1990); *Wagner & Brown v. ANR Pipeline Co.*, 837 F.2d 199, 201 (5th Cir.1988). The doctrine is invoked when a claim requires the resolution of issues that are within the special competence of an administrative body.

16. Numerous courts have stayed cases involving complex telecommunications issues pending resolution of the issues by the FCC. *See, e.g., Southwestern Bell Tel. L.P. v. Global Crossing Ltd.*, No. 4:04-CV-1573(CEJ), 2008 WL 4938409 at *1-2 (E.D. Mo. Nov. 14, 2008)

(upholding stay until FCC decides whether access service fees are owed to LECs) (IDT Appendix 00099 to 00100); *Frontier Telephone of Rochester, Inc. v. USA Datanet Corp.*, 386 F. Supp. 2d 144 (W.D.N.Y. 2005) (holding that the doctrine of primary jurisdiction warranted a stay of the action pending a determination by the FCC regarding the applicability of access charges to such a provider).

17. The most appropriate manner for this dispute to be resolved is through an industry-wide decision by the FCC where these issues are pending. This would preserve a level playing field in the prepaid calling card industry.

**Plaintiffs' Complaint Fails to State a Claim Upon Which Relief Can be Granted**

18. In the alternative, if this Court decides not to invoke the doctrine of primary jurisdiction and stay this action pending resolution of the Complaint's regulatory issues by the FCC, the Court should dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6).

19. With respect to both their breach of tariff and unjust enrichment claims, Plaintiffs have failed to allege facts, as opposed to unsupported conclusions, that would demonstrate that either cause of action is "plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).

20. Plaintiffs have failed to identify any tariff or any provision from a tariff that IDT Telecom has breached.

21. In addition, Plaintiffs have failed to allege a necessary prerequisite for their claims that IDT Telecom violated federal and state tariffs: that IDT Telecom ordered any services from Plaintiffs. Indeed, the Complaint alleges that IDT Telecom had <u>no</u> agreement whatsoever with Plaintiffs and instead contracted with third parties unrelated to Plaintiffs.

22. Nowhere do Plaintiffs allege that IDT Telecom subscribed to Plaintiffs' services with respect to any of the traffic at issue here. Nor do Plaintiffs allege that they ever billed IDT Telecom for such services. Thus, because IDT Telecom did not subscribe with Plaintiffs to be one of their customers, Plaintiffs causes of action fail to state breach of tariff claims against IDT Telecom.

23. Likewise, Plaintiffs have failed to allege the elements of an unjust enrichment claim because they have not alleged and cannot show that (i) they conferred any benefit on IDT Telecom since Plaintiffs did not provide any services to IDT Telecom; (ii) they have suffered any damages since they have received compensation for their services, and (iii) it is unjust to permit IDT Telecom to contract with third parties instead of with Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED**, Defendants IDT Telecom, Inc. and Entrix Telecom Inc. respectfully request that the Court grant their motion to stay based on the doctrine of primary jurisdiction or, in the alternative, dismiss Plaintiffs' Complaint for failure to state a cause of action upon which relief may be granted.

Respectfully submitted,

By /s/ Tammy S. Wood
    Tammy S. Wood
    Texas Bar No. 00788713

322 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
(214) 740-1400
(214) 740-1499 (facsimile)
tammyw@bellnunnally.com

**ATTORNEYS FOR DEFENDANTS
IDT TELECOM, INC. AND
ENTRIX TELECOM, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that she has conferred with Richard Parr, counsel for Plaintiffs, with regard to the foregoing motion to stay, and he states his clients are opposed to the relief requested in the motion. Accordingly, the motion is presented to the Court for determination.

Certified to this 9th day of October, 2009, by

/s/ Tammy S. Wood

## CERTIFICATE OF SERVICE

On the 9th day of October, 2009, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Northern District of Texas using the electronic filing system of the Court. I hereby certify that I served a true and correct copy of the foregoing document on all counsel of record for Plaintiffs electronically or in another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Tammy S. Wood

537772_1.DOC