**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **SOUTHWESTERN BELL TELEPHONE COMPANY, BELLSOUTH TELECOMMUNICATIONS, INC., ILLINOIS BELL TELEPHONE COMPANY, INC., MICHIGAN BELL TELEPHONE COMPANY, NEVADA BELL TELEPHONE COMPANY, PACIFIC BELL TELEPHONE COMPANY, THE OHIO BELL TELEPHONE COMPANY, THE SOUTHERN NEW ENGLAND BELL TELEPHONE COMPANY, and WISCONSIN BELL, INC.,** <br><br> **Plaintiffs,** <br><br> vs. <br><br> **IDT TELECOM, INC., ENTRIX TELECOM, INC., and JOHN DOES 1-10,** <br><br> **Defendants.** | § § § § § § § § § § § **CIVIL ACTION NO. 09-CV-1268** § § § § § § § § § § § § |

**DEFENDANTS' BRIEF IN REPLY TO PLAINTIFFS' BRIEF
IN OPPOSITION TO DEFENDANTS' MOTION FOR SUPPLEMENTAL BRIEFING**

Defendants IDT Telecom, Inc. and Entrix Telecom, Inc. (together, "IDT Telecom" or "Defendants") respectfully submit this reply brief in further support of their motion to file a Supplemental Brief.

**INTRODUCTION**

IDT Telecom filed its motion for leave to file a supplemental brief to present the Court with new legal authority and administrative notices issued subsequent to the filing of IDT Telecom's Reply Brief on December 29, 2009 [Doc. 17]. As set forth below, and in IDT Telecom's moving papers, the new authority supports IDT Telecom's motion to stay this matter

based on the doctrine of primary jurisdiction or, in the alternative, dismiss the Complaint. In opposition to IDT Telecom's motion to supplement, Plaintiffs misconstrue the holdings of this new authority and its applicability to the underlying motion. Plaintiffs improperly rely on conclusory assertions regarding the scope of the June 30 FCC Order relating to pre-paid calling cards while ignoring the deficiencies of their Complaint, the Arizona Dialtone Petition for Reconsideration pending before the FCC and the FCC's stated intention to adopt interim rules addressing so-called intercarrier compensation reform.

## LEGAL ARGUMENT

### POINT I

### IDT TELECOM IS NOT LIABLE TO PLAINTIFFS FOR SWITCHED ACCESS CHARGES FOR SERVICES PROVIDED TO IT BY THIRD PARTY CLECs

**A.** *Alliance Communications Cooperative, Inc. v. Global Crossing Telecommunications, Inc.*, **No. 06-cv-4221, 2010 WL 582365 (D.S.D. Feb. 11, 2010)**

Plaintiffs misconstrue the court's recent holding in *Alliance Communications Cooperative, Inc. v. Global Crossing Telecommunications, Inc.*, No. 06-cv-4221, 2010 WL 582365 (D.S.D. Feb. 11, 2010), *denying reconsideration of* 663 F. Supp. 2d 807 (D.S.D. 2009), and the Order from which the plaintiffs sought reconsideration. The *Alliance* decision is instructive in that it demonstrates the critical nature of the language of the applicable tariffs in deciding whether switched access charges must be paid. *See id.* at *3 (holding that long distance carrier is not liable for switched access fees absent receipt of services "as that term is defined in plaintiffs' tariffs").[1]

---

[1] Plaintiffs claim that the district court's opinion is not new or significant because it is a denial of reconsideration of an earlier decision. Plaintiffs imply that this procedural fact diminishes the importance of the district court's decision. This is wrong. The fact that the district court has upheld its previous decision, *see Alliance Communications Cooperative, Inc. v. Global Crossing Telecommunications*, 663 F. Supp. 2d 807 (D.S.D. 2009), serves only to reinforce the legal reasoning of the underlying opinion.

**DEFENDANTS' BRIEF IN REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUPPLEMENTAL BRIEFING – Page 2**

In denying reconsideration, the court in *Alliance* noted that the plaintiffs sought payment of access charges based upon the fact that each defendant communications company handled transmission of a portion of long-distance calls and that the constructive ordering doctrine "'should be applied through the entire communications path of the traffic[.]'" *Id.* at *3. In rejecting this argument, the court reasoned that "Plaintiffs' argument misses the rule that *the terms of the relevant tariffs,* and not the business relationships of the parties or the entire communications path of the traffic, *are dispositive* of the issue of liability for access charges pursuant to those tariffs." *Id.* (emphasis added). Moreover, the court held that a local exchange carrier ("LEC") cannot rely on a theory of "constructive ordering" to obtain access charges where it would conflict with the express language of the filed tariff. *See id.* at *3-4.

Like the LECs in *Alliance*, Plaintiffs in this action attempt to assign liability for switched access charges to IDT Telecom based upon the communications path of certain prepaid calling card calls. (*See* Pls.' Opp. Br., at 4) [Doc 19] (focusing on the location of where IDT Telecom allegedly "picked up" calls).[2] As set forth in IDT Telecom's moving papers, however, the language of the applicable tariffs that govern Plaintiffs' claims do not support this position. Moreover, the court's decision in *Alliance* is directly on point as it demonstrates that to the extent a LEC may rely upon the "constructive ordering" doctrine in seeking payment of access charges, the LEC may not ignore the clear terms of its own tariff. As the language of the Plaintiffs' tariffs is virtually indistinguishable from that of the LECs in *Alliance*, the court's decision in *Alliance* rejecting the constructive order theory of liability is directly on point and should be considered by the Court.

---

[2] Contrary to AT&T's claims (Opposition at 4) that the facts here are distinguishable from *Alliance* because IDT Telecom picks up traffic in the local calling area, IDT Telecom's moving papers explained that it does not always pick up the traffic in the local calling area and it also relies on the CLECs or other third parties to deliver the traffic from the local calling area to IDT Telecom's switch. (IDT Telecom Br., at p. 4 n. 2) [Doc. 10].

**DEFENDANTS' BRIEF IN REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUPPLEMENTAL BRIEFING – Page 3**

Plaintiffs' attempt to distinguish the *Alliance* decision on procedural grounds is likewise futile. Specifically, Plaintiffs claim that the *Alliance* decision is not relevant because it was reached on a motion for summary judgment and not a motion to dismiss. In making this argument, however, Plaintiffs ignore the crucial deficiencies in their own Complaint that render this matter subject to dismissal. The *Alliance* decision reinforces the principle that switched access charges only are recoverable in accordance with the provisions of the applicable tariff. As set forth in IDT Telecom's moving papers, however, the Complaint fails to allege any of the necessary preconditions of their tariffs (or a constructive ordering claim). For example, the Complaint does not allege that (i) Plaintiffs established a communications path between Plaintiffs' end users and IDT Telecom's premises; and (ii) IDT Telecom designated premises to which Plaintiffs were to deliver traffic originating from Plaintiffs' end users.[3] Thus, in the absence of any allegations in the Complaint that IDT Telecom constructively ordered switched access services in the manner mandated by Plaintiffs' tariffs, the Complaint should be dismissed.

**B.   *PAETEC Communications, Inc. v. CommPartners, LLC*, No. 08-cv-00397, mem. order (D.D.C. Feb. 18, 2010)**

In attempting to distinguish the recent decision in *PAETEC Communications, Inc. v. CommPartners, LLC*, No. 08-0397, mem. order (D.D.C. Feb. 18, 2010)[4], Plaintiffs fail to offer any analysis of how their claims satisfy the requirements of the statutory intercarrier compensation regime. In its moving papers, IDT Telecom explained that the Communications Act divides intercarrier compensation into two categories: § 251(b)(5) compensation (referred to as "reciprocal compensation") and § 251(g) compensation (referred to as "access charges"). *See*

---

[3] *See* (IDT Telecom Reply Br., at p. 8) [Doc. 17], *citing, e.g.,* Southwestern Bell Tariff, FCC No. 73, at §§ 2.6, 5.2.2, 6.1, 6.1.3 (rev. eff. Oct. 31, 2009); Bellsouth's Tariff, FCC No. 1, at §§ 2.6, 5.2.2, 6.1, 6.1.3 (rev. eff. Oct. 31, 2009); Ameritech Operating Cos. (Illinois, Indiana, Michigan, Ohio and Wisconsin Bells), FCC No. 2, at §§ 2.6, 5.2.2, 6.1, 6.1.3 (eff. Oct. 31, 2009); Pacific Bell Tel. Co., FCC No. 1., at §§ 2.6, 5.2, 6.1, 6.1.3 (eff. Oct. 31, 2009); Southern New England Tel. Co. Tariff, FCC No. 39, at §§ 2.6, 5.6.9, 5.6.10, 6.1 (eff. Oct. 31, 2009); Nevada Bell Tel. Co., FCC No. 1, at §§ 2.6, 5.1, 6.1(rev. eff. Oct. 31, 2009).

[4] Motion to File Interlocutory Appeal, 08-cv-00397 (D.D.C. filed April 12, 2010) [Doc. 52].

**DEFENDANTS' BRIEF IN REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUPPLEMENTAL BRIEFING – Page 4**

47 U.S.C. § 251. The decision in *PAETEC* reinforces Congress' intent, as expressed in Section 251(g), that access charges are only recoverable where there was a pre-Communications Act obligation to pay inter-carrier compensation. *See PAETEC Communications, Inc.*, No. 08-0397, mem. Order at *7-8.

In their Opposition, Plaintiffs claim that the *PAETEC* decision is irrelevant because that case involved Voice-over-the Internet Protocol ("VoIP") and this matter concerns "good old-fashioned long distance calls[.]" (*See* Pls.' Opp. Br., at 4) [Doc 19]. Plaintiffs' argument, however, misses the point. The court in *PAETEC* dismissed the plaintiff's claims for access charges arising out of VoIP calls because, "[t]here cannot be a pre-Act obligation to inter-carrier compensation for VoIP, because VoIP was not developed until the [Communications] Act was passed." *Id.* at *7-8. Similarly here, there cannot be a pre-Communications Act obligation to pay originating intercarrier compensation for locally dialed prepaid card calls because such calls did not exist until after the Communications Act was passed. Accordingly, to permit the plaintiff-LECs to claim access charges based upon services rendered to IDT Telecom by a CLEC would violate Congress' expressed policy that, "[r]eciprocal compensation and access charges are mutually exclusive methods of intercarrier compensation." *Id.* at *7 (*citing* 47 U.S.C. § 251(b)(5); *WorldCom, Inc. v. FCC*, 288 F.3d 429, 433-34 (D.C. Cir. 2002)) (*See* IDT Telecom's Moving Br., at p. 11-12) [Doc. 10]; (*See also* IDT Telecom's Reply Br., at p. 4-5) [Doc. 17].

Moreover, Plaintiffs fail to address the applicability of the *PAETEC* decision to their claim for unjust enrichment. As set forth in IDT Telecom's moving papers, the court in *PAETEC* rejected the plaintiff-LEC's quasi contractual unjust enrichment and *quantum meruit* causes of action, holding that federal law "establishes the exclusive methods of intercarrier compensation." *Id.* at *12. Consequently, Plaintiffs cannot rely on claims for unjust enrichment

to circumvent Section 251(g)'s provisions limiting the circumstances under which a LEC is entitled to access charges.

### C. Federal Communications Commission, *Connecting America: The National Broadband Plan*, (rel. March 16, 2010)

Finally, contrary to Plaintiffs' conclusory assertions that the FCC has resolved the application of today's rules to prepaid calling cards and the upcoming FCC action will address only prospective reforms, the FCC recently affirmed its intent to adopt interim rules addressing so-called arbitrage or the "fundamental problem" referenced by Plaintiff's Opposition.  On April 8, 2010, the FCC announced an action plan which states not only that it intends to issue a notice of proposed rulemaking on intercarrier compensation in the fourth quarter of 2010, but also that it intends to adopt "interim solutions to address arbitrage." *See* http://www.broadband.gov/plan/broadband-action-agenda.html; http://www.broadband.gov/plan/chart-of-key-broadband-action-agenda-items.pdf.

Plaintiffs contend that the FCC's decision to engage in comprehensive reform of intercarrier compensation is irrelevant in light of the June 30 FCC Order, ¶ 2.  As in their Opposition to IDT Telecom's motion to stay or dismiss, Plaintiffs continue to ignore the pending Arizona Dialtone Petition for Reconsideration and rely on a misreading of ¶ 27 of the June 30 FCC Order, claiming that the June 30 FCC Order "requir[es] all prepaid calling card service providers to pay intrastate and interstate access charges." (Pls. Opp. Br. at 7) [Doc 19].  Yet again, Plaintiffs have truncated and taken this quote out of context.  The entire sentence reads: *"Other parties also have questioned* the logistics of requiring all prepaid calling card service providers to pay intrastate and interstate access charges." (June 30 FCC Order at ¶ 27) (emphasis added).  Thus, the issue of whether locally-dialed prepaid calling cards are a "fundamental problem" is pending before the FCC and may be resolved in the "interim solutions

to address arbitrage." In short, the FCC has confirmed that it is actively engaged on the issue of intercarrier compensation and this Court should defer to its expertise. *See In the Matter of Joint Statement on Broadband*, FCC Public Notice, GN Docket No. 10-66 (rel. Mar. 16, 2010).

## CONCLUSION

For all of the foregoing reasons and those stated in IDT Telecom's moving papers, IDT Telecom respectfully requests that the Court stay this action based on the doctrine of primary jurisdiction pending resolution by the FCC of the regulatory issues raised by the Complaint, or alternatively, dismiss the Complaint pursuant to FED. R. CIV. P. 12(b)(6).

Respectfully submitted,

**BELL NUNNALLY & MARTIN LLP**

By: /s/ Tammy S. Wood
   Tammy S. Wood
   State Bar No. 00788713
3232 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
Telephone: (214) 740-1400
Facsimile: (214) 740-1499
tammyw@bellnunnally.com
**ATTORNEYS FOR DEFENDANTS,**
IDT Telecom, Inc. and Entrix Telecom, Inc.

## CERTIFICATE OF SERVICE

On the 24th day of April, 2010, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Northern District of Texas using the electronic filing system of the Court. I hereby certify that I served a true and correct copy of the foregoing document on all counsel of record for Plaintiffs electronically or in another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Tammy S. Wood