**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| SOUTHWESTERN BELL TELEPHONE COMPANY, BELLSOUTH TELECOMMUNICATIONS, INC., ILLINOIS BELL TELEPHONE COMPANY, INDIANA BELL TELEPHONE COMPANY INC., MICHIGAN BELL TELEPHONE COMPANY, NEVADA BELL TELEPHONE COMPANY, PACIFIC BELL TELEPHONE COMPANY, THE OHIO BELL TELEPHONE COMPANY, THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY and WISCONSIN BELL, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 3-09-cv-01268-P |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| IDT TELECOM, INC., ENTRIX TELECOM INC., and JOHN DOES 1-10, | ) ) ) | |
| Defendants. | ) | |

**JOINT PROPOSAL FOR CONTENTS OF SCHEDULING AND DISCOVERY ORDER**

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure ("FRCP") and the Court's Order Requiring Attorney Conference And Proposal For Contents Of Scheduling And Discovery Order ("June 3rd Order"), Plaintiffs and Defendants IDT Telecom, Inc.. and Entrix Telecom Inc. respectfully submit the following Joint Proposal For Contents Of Scheduling And Discovery Order ("Joint Proposal").

I.      Date and Place of Meeting; Identification of the Parties and Their Attorneys

A.      The parties met by teleconference on Thursday, June 17, 2010 at 1:30 p.m. CDT.

B.      For Plaintiffs:

Richard M. Parr
State Bar No. 15534250
AT&T Services, Inc. – Legal Department
208 S. Akard, Suite 2935
Dallas, TX 75202
Telephone (214) 757-3386

Demetrios G. Metropoulos (*admitted pro hac vice*)
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone (312) 782-0600
Facsimile (312) 701-7711

Timothy A. Whitley
State Bar No. 00797660
Southwestern Bell Telephone Company
6500 West Loop South, Zone 5.5
Bellaire, Texas  77401
Telephone (713) 567-8114
Facsimile  (713) 567-4669

      C.      For IDT Telecom, Inc.. and Entrix Telecom Inc.:

Tammy S. Wood
322 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
Telephone (214) 740-1400
Facsimile (214) 740-1499

Joseph P. LaSala (pro hac vice motion to be filed)
McElroy, Deutsch, Mulvaney
  & Carpenter LLP
1300 Mount Kemble Avenue
Morristown, New Jersey
Telephone (973) 993-8100
Facsimile (973) 425-0161

Elliot Rothstein (pro hac vice motion to be filed)
McElroy, Deutsch, Mulvaney
  & Carpenter LLP
Three Gateway Center
100 Mulberry Street
Newark, New Jersey
Telephone (973) 622-7711
Facsimile (973) 622-5314

II.     Matters Discussed at Scheduling Conference

      A.     Progress Made at Scheduling Conference

The parties discussed the possibility of settlement or mediation.  While the parties remain open to the possibility of settlement negotiations at some later date, they agreed that further negotiations would not be productive at the present time pending the issuance and receipt of discovery.

      B.     All initial disclosures required by Rule 26(a)(1) shall be completed on or before July 7, 2010 in accordance with the Court's June 3rd Order.

      C.     Items Listed in Part II of Court's June 3rd Order

          1.     A proposed time limit to file motions for leave to join other parties and to amend the pleadings:

The parties propose a preliminary time limit of December 31, 2010 to file motions for leave to join other parties and to amend the pleadings, with the understanding that either party may seek leave to file after that date based upon evidence received after, on, or shortly before that date or based on a showing of good cause.

          2.     Proposed time limits to file various types of motions

The parties propose a time limit of **October 28, 2011** to file motions for summary judgment.

          3.     A proposed plan and schedule for discovery, including a time limit to complete discovery

The parties propose a time limit of **May 13, 2011** to complete fact discovery.

          4.     A proposal for limitations, if any, to be placed on discovery

The Parties agree that depositions of expert witnesses and depositions on written questions for the sole purpose of proving up documents shall not be counted toward the limits on the number of depositions that may be taken.

Plaintiffs' position regarding depositions:

Instead of the number of depositions being limited to ten per side, Plaintiffs respectfully propose that: (a) each side shall be permitted to take at least one Rule 30(b)(6) deposition of each of the named parties, provided, however, that a single Rule 30(b)(6) deponent designated for multiple parties would count as a Rule 30(b)(6) deposition for each party designated, and (b) each side shall be permitted to take up to an additional twelve (12) depositions, and to take

additional fact witness depositions upon a showing of good cause and as otherwise consistent with the federal rules.  Plaintiffs respectfully submit that the above provisions for Rule 30(b)(6) depositions and for additional fact witness depositions are sufficient to accommodate any legitimate discovery needs that IDT Telecom might have, while keeping discovery within reasonable limits.  Much of the evidence in this case – such as details regarding manner in which IDT Telecom provides prepaid calling services, and the volume of usage that IDT Telecom has obtained over Plaintiffs' networks without disclosing that usage to Plaintiffs – is in the possession of IDT Telecom, not Plaintiffs.  Of the evidence that is in the possession of Plaintiffs, much can be obtained on a consolidated basis from a single representative covering multiple Plaintiffs under Rule 30(b)(6), or from public records that could be proved by stipulation (such as tariffs).  Plaintiffs should not be subjected to a series of depositions where no live witness is necessary, or where one Rule 30(b)(6) designee can address multiple Plaintiffs, absent a showing of good cause.

IDT Telecom's position regarding depositions:

Instead of the number of depositions being limited to ten per side, IDT Telecom respectfully proposes that: (a) each side shall be permitted to take at least one Rule 30(b)(6) deposition of each of the named parties, and (b) each side shall be permitted to take up to an additional fifteen (15) depositions. IDT Telecom proposes this modification because there are ten separate and distinct plaintiff entities suing IDT Telecom for alleged violations of separate federal and state tariffs filed by each of these entities relating to activity in more than twenty states. IDT Telecom would be prejudiced if it were limited to only ten depositions per side as, in effect, it would only allow IDT Telecom one corporate representative deposition of each named plaintiff seeking damages from it and no additional fact witness depositions while in contrast, plaintiffs would have the opportunity to take a corporate representative deposition and numerous fact witness depositions.  IDT Telecom believes Plaintiffs' focus on what information they believe IDT Telecom may already have in its possession is irrelevant to the determination of what number of depositions of Plaintiffs should be allowed, as there are ten different Plaintiffs in the case who are seeking relief under each of their separate federal and state tariffs under the laws of multiple states.  The fact that this is a multi-Plaintiff case does not relieve each Plaintiff from its burden of proving each element of its causes of action, and IDT Telecom is entitled to take discovery from each Plaintiff on its claims.

The parties do not propose any other limitations to be placed on discovery other than those already established by the federal and local rules.

5.      A proposed time limit to designate expert witnesses

The parties propose the following time limits to designate expert witnesses:

**June 30, 2011:**          Time Limit for Designating Affirmative Experts

**August 9, 2011:**         Time Limit for Designating Rebuttal Experts

**September 12, 2011:** Time Limit for Designating Sur-rebuttal Experts

6.      A proposed trial date, estimated number of days required for trial and whether a jury has been demanded

Subject to the Court's schedule, the parties propose a trial date commencing on or after

**March 5, 2012**.  The trial is expected to last 8-10 days.  Plaintiffs have not demanded a jury trial.

7.      A proposed date for commencing settlement negotiations

While the parties do not foreclose the possibility of negotiating a settlement at an earlier date, the parties propose a date of **August 23, 2011** for the commencement of settlement negotiations, allowing the parties sufficient time to obtain and consider information through discovery.

8.      Whether the parties will consent to trial before the U.S. Magistrate Judge

The parties do not consent to trial before a magistrate.

9.      Whether the parties are considering mediation or arbitration to resolve this litigation and, if not, why not;

The parties are not willing to consider mediation or arbitration to resolve this litigation pending receipt of additional information in discovery.

10.     Any other proposals regarding scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial; and

Other than stated above in response to item #4, the parties do not have any other proposals regarding scheduling or discovery at this time.

11.     Any other matters relevant to the status and disposition of this case.

The parties do not have any other matters relevant to the status and disposition of this case to discuss at this time.

D.      Present Status of Settlement Negotiations (as requested in Part I of June 3rd Order)

The parties have discussed the possibility of settlement.  While the parties remain open to the possibility of settlement negotiations at some later date, they agree that further negotiations would not be productive at the present time pending the issuance and receipt of discovery.

E.      Other Matters under Rule 26(f)

1.      changes in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

The parties agree that all initial disclosures required by Rule 26(a)(1) shall be completed on or before July 7, 2010 in accordance with the Court's June 3rd Order.

2.      the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues

The parties propose a time limit of **May 13, 2011** to complete fact discovery, and a time limit of **October 4, 2011** for the completion of discovery regarding designated experts.  The parties do not propose any other limits or phases for discovery, other than those limits already set forth in the federal and local rules or described above.

3.      any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced

At this time, the parties are not aware of any issues about disclosure or discovery of electronically stored information.

4.      any issues about claims of privilege or of protection as trial-preparation materials, including — if the parties agree on a procedure to assert these claims after production — whether to ask the court to include their agreement in an order

The parties are not aware of any issues about claims of privilege or protection at this time, but will discuss any such issues as discovery proceeds.

5.      what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

Other than stated above in response to item II.(4), the parties do not propose any changes in the limitations on discovery imposed under the federal rules or by local rule.

Dated: July 7, 2010                    Respectfully submitted,


                                       PLAINTIFFS


                                       By: s/ Demetrios G. Metropoulos



Richard M. Parr
State Bar No. 15534250
AT&T Services, Inc. – Legal Department
208 S. Akard, Suite 2935
Dallas, TX 75202
Telephone (214) 757-3386

Timothy A. Whitley
State Bar No. 00797660
Southwestern Bell Telephone Company
6500 West Loop South, Zone 5.5
Bellaire, Texas  77401
Telephone (713) 567-8114
Facsimile  (713) 567-4669


Theodore A. Livingston (*admitted pro hac vice*)
Demetrios G. Metropoulos (*admitted pro hac vice*)
Michael T. Sullivan (*admitted pro hac vice*)
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone (312) 782-0600
Facsimile (312)  701-7711

*Attorneys for Plaintiffs*

Dated: July 7, 2010                    Respectfully submitted,


                                       DEFENDANTS


                                       By: s/ Tammy S. Wood


Tammy S. Wood
Bell Nunnally & Martin LLP
322 McKinney Avenue, Suite 1400
Dallas, Texas 75204-2429
Telephone (214) 740-1400
Facsimile (214) 740-1499


*Attorneys for Defendants IDT Telecom, Inc. and Entrix Telecom Inc.*