# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SOUTHWESTERN BELL TELEPHONE COMPANY, BELLSOUTH TELECOMMUNICATIONS, INC., ILLINOIS BELL TELEPHONE COMPANY, INC., MICHIGAN BELL TELEPHONE COMPANY, NEVADA BELL TELEPHONE COMPANY, PACIFIC BELL TELEPHONE COMPANY, THE OHIO BELL TELEPHONE COMPANY, THE SOUTHERN NEW ENGLAND BELL TELEPHONE COMPANY, and WISCONSIN BELL, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> IDT TELECOM, INC., ENTRIX TELECOM, INC., and JOHN DOES 1-10, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO.  09-CV-1268 |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS IDT TELECOM, INC. AND ENTRIX TELECOM, INC. TO PLAINTIFFS' COMPLAINT

Defendants IDT Telecom, Inc. and Entrix Telecom, Inc. (together, "IDT Telecom" or "Defendants"), by way of Answer and Counterclaims to the Complaint filed by plaintiffs, Southwestern Bell Telephone Company, Bellsouth Telecommunications, Inc., Illinois Bell Telephone Company, Indiana Bell Telephone Company, Inc., Michigan Bell Telephone Company, Nevada Bell Telephone Company, Pacific Bell Telephone Company, The Ohio Bell Telephone Company, The Southern New England Telephone Company and Wisconsin Bell, Inc. (collectively, "Plaintiffs"), state as follows:

1.      Answering the allegations of Paragraph 1 thereof, Defendants admit that the Complaint was filed.

2.      Answering the allegations of Paragraph 2 thereof, Defendants deny the same except admit only that Plaintiffs operate telecommunications networks.  Further responding, Defendants assert that the allegations contained in the third sentence of this Paragraph 2 are legal conclusions to which no response is required.

## I.      THE PARTIES

### A.      Plaintiffs

3.      Answering the allegations of Paragraph 3 thereof, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

4.      Answering the allegations of Paragraph 4 thereof, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

5.      Answering the allegations of Paragraph 5 thereof, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

6.      Answering the allegations of Paragraph 6 thereof, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

7.      Answering the allegations of Paragraph 7 thereof, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

8.      Answering the allegations of Paragraph 8 thereof, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

9.      Answering the allegations of Paragraph 9 thereof, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

10.     Answering the allegations of Paragraph 10 thereof, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

11.     Answering the allegations of Paragraph 11 thereof, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

12.     Answering the allegations of Paragraph 12 thereof, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

### B.    **Defendants**

13.     Answering the allegations of Paragraph 13 thereof, Defendants admit same.

14.     Answering the allegations of Paragraph 14 thereof, Defendants admit that Entrix, an affiliate of IDT Telecom, is a Delaware corporation with its principal place of business in Newark, New Jersey and provides telecommunications services, including pre-paid and rechargeable calling cards.  As to the remaining allegations contained in this Paragraph 14, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

15.     Answering the allegations of Paragraph 15 thereof, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

## II.     JURISDICTION AND VENUE

16.     Answering the allegations of Paragraph 16 thereof, Defendants state that same are legal conclusions to which no response is required except admit that Plaintiffs purport to bring this lawsuit to enforce federal tariffs filed with the Federal Communications Commission ("FCC") and orders entered by the FCC.

17.     Answering the allegations of Paragraph 17 thereof, Defendants state that same are legal conclusions to which no response is required.

18.     Answering the allegations of Paragraph 18 thereof, Defendants state that same are legal conclusions to which no response is required.  Defendants, however, admit that they transact business in this district.

## III.     BACKGROUND

### A.     Overview of Access Charges

19.     Answering the allegations of Paragraph 19 thereof, Defendants admit that Plaintiffs operate local exchange networks.  As to the remaining allegations of this Paragraph 19, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.  Further responding, Defendants assert that the allegations contained in the third sentence of this Paragraph 19 are legal conclusions to which no response is required.

20.     Answering the allegations of Paragraph 20 thereof, Defendants admit that certain long distance telephone calls can be routed in the manner set forth in this Paragraph 20.

Defendants deny, however, that all long distance telephone calls are routed as described by Plaintiffs in this Paragraph 20.

21.     Answering the allegations of Paragraph 21 thereof, Defendants state that same are legal conclusions to which no response is required.  Defendants, however, admit that local exchange carriers that originate long distance calls are, in some but not all cases, entitled to switched access charges depending on different factors, including the tariffs that they file with the applicable regulatory commissions.

22.     Answering the allegations of Paragraph 22 thereof, Defendants state that same are legal conclusions to which no response is required.  Further responding, Defendants assert that as to the allegations contained in the second sentence of this Paragraph 22, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

23.     Answering the allegations of Paragraph 23 thereof, Defendants state that same are legal conclusions to which no response is required.  Further responding, Defendants assert that as to the allegations contained in the second sentence of this Paragraph 23, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs.

24.     Answering the allegations of Paragraph 24 thereof, Defendants state that same are legal conclusions to which no response is required.  Further responding, Defendants assert that as to the allegations contained in the second sentence of this Paragraph 24, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and leave Plaintiffs to their proofs

### B. Prepaid Calling Cards

25.     Answering the allegations of Paragraph 25 thereof, Defendants admit that IDT Telecom provides long distance services through pre-paid calling cards, that Entrix provides telecommunications services, including pre-paid and rechargeable calling cards, and that prepaid calling cards enable a end-user to pay in advance for long distance calls.

26.     Answering the allegations of Paragraph 26 thereof, Defendants admit that pre-paid calling card calls sometimes function in the manner described by Plaintiffs in this Paragraph 26. Further responding, Defendants deny that pre-paid calling card calls always, "typically," or "traditionally" work in the manner described in Paragraph 26.

27.     Answering the allegations of Paragraph 27 thereof, Defendants state that same are legal conclusions to which no response is required. Further responding, Defendants admit that pre-paid calling card calls, in some but not all cases, are transported in the manner described by Plaintiffs in this Paragraph 27.

28.     Answering the allegations of Paragraph 28 thereof, Defendants state that same are legal conclusions to which no response is required. Further responding, Defendants admit that Defendants receive revenue from the sale of pre-paid calling card calls, but deny that Plaintiffs are entitled to compensation from Defendants in connection with the pre-paid calling card calls that are the subject of the Complaint.

### C. FCC Orders

29.     Answering the allegations of Paragraph 29 thereof, Defendants state that same are legal conclusions to which no response is required. Further responding, Defendants state that the February 2005 order cited by Plaintiffs speaks for itself and deny any characterizations of the order that are inconsistent with the order.

30.     Answering the allegations of Paragraph 30 thereof, Defendants state that same are legal conclusions to which no response is required.  Further responding, Defendants state that the June 2006 order cited by Plaintiffs speaks for itself and deny any characterizations of the order that are inconsistent with the order.

31.     Answering the allegations of Paragraph 31 thereof, Defendants state that the June 2006 order cited by Plaintiffs speaks for itself and deny any characterizations of the order that are inconsistent with the order.

>     **D.     Defendants' Attempt to Avoid Compensating Plaintiffs for Use of Their Networks**

32.     Answering the allegations of Paragraph 32 thereof, Defendants deny the same. Further responding, Defendants state that the June 2006 order cited by Plaintiffs speaks for itself and deny any characterizations of the order that are inconsistent with the order.

33.     Answering the allegations of Paragraph 33 thereof, Defendants admit that they sell pre-paid calling cards that permit the use of local access numbers.  Further responding, Defendants admit that they obtain local access numbers from CLECs and that locally dialed prepaid calling card calls are transmitted to IDT Telecom's platform by the CLECs.  As to the remaining allegations contained in this Paragraph 33, Defendants deny the same.

34.     Answering the allegations of Paragraph 34 thereof, Defendants deny the same. Further responding, Defendants state that the June 2006 order cited by Plaintiffs speaks for itself and deny any characterizations of the order that are inconsistent with the order.

35.     Answering the allegations of Paragraph 35 thereof, Defendants deny the same.

36.     Answering the allegations of Paragraph 36 thereof, Defendants state that the first sentence consists of legal conclusions to which no response is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in

the second sentence of Paragraph 36 about payments Plaintiffs have made to CLECs and leave Plaintiffs to their proofs.   As to the remaining allegations contained in this Paragraph 36, Defendants deny the same.

## IV.    CLAIMS ASSERTED

### COUNT I

### (VIOLATION OF FEDERAL TARIFFS)

37.    Defendants incorporate their responses to Paragraphs 1 through 36 of Plaintiffs' Complaint as if set forth herein at length.

38.    Answering the allegations of Paragraph 38 thereof, Defendants admit that Plaintiffs purport to have filed tariffs with the FCC.  Further responding, Defendants are without knowledge or information sufficient to form a belief as to which tariffs or provisions thereof are "effective."

39.    Answering the allegations of Paragraph 39 thereof, Defendants deny the same.

40.    Answering the allegations of Paragraph 40 thereof, Defendants deny the same.

41.    Answering the allegations of Paragraph 41 thereof, Defendants deny the same.

42.    Answering the allegations of Paragraph 42 thereof, Defendants deny the same.

43.    Answering the allegations of Paragraph 43 thereof, Defendants deny the same.

44.    Answering the allegations of Paragraph 44 thereof, Defendants deny the same.

45.    Answering the allegations of Paragraph 45 thereof, Defendants deny the same.

### COUNT II

### (VIOLATION OF STATE TARIFFS)

46.    Defendants incorporate their responses to Paragraphs 1 through 45 of Plaintiffs' Complaint as if set forth herein at length.

47.     Answering the allegations of Paragraph 47 thereof, Defendants admit that Plaintiffs purport to have filed tariffs with state commissions.  Further responding, Defendants are without knowledge or information sufficient to form a belief as to which tariffs or provisions thereof are "effective."

48.     Answering the allegations of Paragraph 48 thereof, Defendants deny the same.

49.     Answering the allegations of Paragraph 49 thereof, Defendants deny the same.

50.     Answering the allegations of Paragraph 50 thereof, Defendants deny the same.

51.     Answering the allegations of Paragraph 51 thereof, Defendants deny the same.

52.     Answering the allegations of Paragraph 52 thereof, Defendants deny the same.

53.     Answering the allegations of Paragraph 53 thereof, Defendants deny the same.

54.     Answering the allegations of Paragraph 54 thereof, Defendants deny the same.

## COUNT III

### (UNJUST ENRICHMENT)

55.     Defendants incorporate their responses to Paragraphs 1 through 54 of Plaintiffs' Complaint as if set forth herein at length.

56.     Answering the allegations of Paragraph 56 thereof, Defendants deny the same.

57.     Answering the allegations of Paragraph 57 thereof, Defendants deny the same.

58.     Answering the allegations of Paragraph 58 thereof, Defendants deny the same.

59.     Answering the allegations of Paragraph 59 thereof, Defendants deny the same.

### PRAYER FOR RELIEF

WHEREFORE, Defendants, IDT Telecom and Entrix, deny that Plaintiffs are to receive any relief sought in their Complaint, including in each and every one of the subparts of the

Complaint's Prayer for Relief, and hereby demand judgment dismissing the Complaint with prejudice, in addition to attorneys' fees, litigation expenses, costs of suit and other such relief in favor of Defendants and against Plaintiffs as the Court may deem just and proper.

All allegations of the Complaint not expressly admitted are hereby denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, for failure to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or limited, in whole or in part, by Plaintiffs' failure to comply with statutory and/or contractual conditions precedent to bringing this action, including the requirements of their applicable tariffs.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed, in whole or in part, because Plaintiffs are estopped by their conduct from bringing this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims must be dismissed, in whole or in part, by reason of release and/or waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of their failure to comply with their contractual obligations to Defendants and the fact that they are otherwise in breach of contract.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

While denying all of the allegations of the Complaint regarding liability and damages allegedly sustained by Plaintiffs, to the extent that Plaintiffs may be able to prove any such damages, they were proximately caused by intervening and/or superseding acts and/or fault of the Plaintiffs and/or third persons over whom Defendants had no control or right of control and for whose actions Defendants are not liable.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of the Parties' course of performance.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, occurred as the direct and proximate result of Plaintiffs' intentional or wrongful acts and/or violation of applicable laws, rules, orders, codes, statutes and/or regulations.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel and/or the entire controversy doctrine.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to setoff.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate damages.

SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief as they failed to provide services to Defendants.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of Plaintiffs' material breaches of the FCC's Truth-in-Billing regulations, 47 C.F.R. § 64.2402, and consequential breaches of sections 201(b) of the Communications Act of 1934, as amended.

EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of Plaintiffs' material violations of sections 201(b), 202(a) and 203(c) of the Communications Act of 1934, as amended.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the filed rate doctrine.

TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of Plaintiffs' material breaches of the terms and conditions of their filed tariffs.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of Plaintiffs' material violations of state and federal telecommunications rules and/or regulations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of Plaintiffs' failure to identify the applicable tariff provisions that govern their claims.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants neither ordered nor received service from Plaintiffs under Plaintiffs' tariffs.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the relief they seek is precluded by application of 47 U.S.C. §§ 251(b)(5) and 251(g).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for locally-dialed calls placed by an end user are barred, in whole or in part, because Plaintiffs received compensation for origination services from their end users.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for locally-dialed calls placed by customers of another carrier that transited the tandem switch of one of the Plaintiffs are barred, in whole or in part, because Plaintiffs received compensation for their services from the originating carrier.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' unjust enrichment claims are preempted by federal law and/or are barred, in whole or in part, by state statutory law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' attempt to collect access charges for past periods constitutes an unjust, unreasonable, and discriminatory practice in violation of the Communications Act and state law

<u>THIRTY-NINTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims are barred, in whole or in part, because the retroactive recovery they seek would be inequitable and unlawful.

## **RESERVATION OF RIGHTS**

Defendants expressly reserve all of their rights, whether at law or equity, to amend their Answer to the Complaint, to assert any additional separate defenses or to assert any affirmative claims against any party or non-party during or upon the completion of investigation and discovery.

## **DEMAND FOR TRIAL BY JURY**

Defendants hereby demand a trial by jury of all issues so triable.

## **COUNTERCLAIMS OF DEFENDANTS IDT TELECOM, INC. AND ENTRIX TELECOM, INC.**

For their counterclaims against Plaintiffs, IDT Telecom, Inc. and Entrix Telecom, Inc. ("Counterclaim Plaintiffs"), state as follows:

## **JURISDICTION**

1.      These Counterclaims are filed in part to collect damages caused by illegal acts of Plaintiffs, which are common carriers subject to the Communications Act of 1934, as amended by the Telecommunications Act of 1996.  These Counterclaims therefore arise under Section 206 of the Communications Act of 1934, 47 U.S.C. § 206, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and 47 U.S.C. § 207.  In addition, this Court has jurisdiction over Counterclaim Plaintiffs' state-law Counterclaims pursuant to 28 U.S.C. § 1367.

2.      Defendant/Counterclaim Plaintiff IDT Telecom Inc. is a Delaware Corporation that has its principal place of business in Newark, New Jersey, and provides telecommunications services, including pre-paid and rechargeable calling cards.

3.      Defendant/Counterclaim Plaintiff Entrix, is a Delaware Corporation that has its principal place of business in Newark, New Jersey, and provides telecommunications services, including pre-paid and rechargeable calling cards.

4.      Plaintiff/Counterclaim Defendant Southwestern Bell Telephone Company ("Southwestern Bell") is a Missouri corporation with its principal place of business in Dallas, Texas.  Southwestern Bell provides, among other things, telecommunications services in the states of Texas, Oklahoma, Missouri, Arkansas and Kansas.

5.      Plaintiff/Counterclaim Defendant BellSouth Telecommunications, Inc. ("BellSouth") is a Georgia corporation and has its principal place of business in Atlanta, Georgia.  BellSouth does business in nine states under the following names:  AT&T Alabama, AT&T Florida, AT&T Georgia, AT&T Kentucky, AT&T Louisiana, AT&T Mississippi, AT&T North Carolina, AT&T South Carolina and AT&T Tennessee.   BellSouth provides local exchange telecommunications services and exchange access services in the above-referenced states.

6.      Plaintiff/Counterclaim Defendant Illinois Bell Telephone Company (d/b/a/ AT&T Illinois) is an Illinois corporation with its principal place of business in Chicago, Illinois.  Illinois Bell Telephone Company provides local exchange telecommunications services and exchange access services in the state of Illinois.

7.     Plaintiff/Counterclaim Defendant Indiana Bell Telephone Company (d/b/a AT&T Indiana) is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Indiana Bell Telephone Company provides local exchange telecommunications services and exchange access services in the state of Indiana.

8.     Plaintiff/Counterclaim Defendant Michigan Bell Telephone Company (d/b/a AT&T Michigan) is a Michigan corporation with its principal place of business in Detroit, Michigan.  Michigan Bell Telephone Company provides local exchange telecommunications services and exchange access services in the state of Michigan.

9.     Plaintiff/Counterclaim Defendant Nevada Bell Telephone Company (d/b/a AT&T Nevada) is a Nevada corporation with its principal place of business in Reno, Nevada.  Nevada Bell Telephone Company provides local exchange telecommunications services and exchange access services in the state of Nevada.

10.     Plaintiff/Counterclaim Defendant Pacific Bell Telephone Company (d/b/a AT&T California) is a California corporation with its principal place of business in San Francisco, California.  Pacific Bell Telephone Company provides local exchange telecommunications services and exchange access services in the state of California.

11.     Plaintiff/Counterclaim Defendant Ohio Bell Telephone Company (d/b/a AT&T Ohio) is an Ohio corporation with its principal place of business in Cleveland, Ohio.  Ohio Bell Telephone Company provides local exchange telecommunications services and exchange access services in the state of Ohio.

12.     Plaintiff/Counterclaim Defendant The Southern New England Telephone Company (d/b/a AT&T Connecticut) is a Connecticut corporation with its principal place of business in New Haven, Connecticut.  The Southern New England Telephone Company provides local exchange telecommunications services and exchange access services in the state of Connecticut.

13.     Plaintiff/Counterclaim Defendant Wisconsin Bell, Inc. (d/b/a AT&T Wisconsin) is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. Wisconsin Bell, Inc. provides local exchange telecommunications services and exchange access services in the state of Wisconsin.

14.     Plaintiffs seek, through this proceeding, to collect unspecified access charges under federal and state access tariffs with respect to prepaid card calls that Plaintiffs allegedly originated during the past several years.

15.     Defendants/Counterclaim Plaintiffs deny that they have any liability to Plaintiffs under Plaintiffs' federal and state access tariffs in connection with the prepaid card calls that Plaintiffs allegedly originated.  In the event it is determined that Defendants/Counterclaim Plaintiffs are liable for access charges under Plaintiffs' federal and state access tariffs, however, Defendants/Counterclaim Plaintiffs counterclaim that any federal or state access tariff provisions determined to require Defendants/Counterclaim Plaintiffs to pay access charges on the past period prepaid card calls that are the subject of this lawsuit are unjust, unreasonable and discriminatory in violation of the federal Communications Act and state law.  Among other things, it would be unjust, unreasonable and discriminatory for Plaintiffs to collect access charges under their tariffs when Plaintiffs have not issued any bills for such charges to

Defendants/Counterclaim Plaintiffs (as required by their own access tariffs as a condition precedent to payment obligations), Defendants/Counterclaim Plaintiffs have not refused to pay such bills, have complied in all material respects with the terms of Plaintiffs' tariffs, and Plaintiffs have not (until years after the fact) sought retroactive payment of access charges under their federal and state access tariffs.

16.     Plaintiffs are common carriers, public utilities and public service corporations within the meaning of the Communications Act and state law, respectively, and they act in these capacities to the extent they allegedly provide access services to Defendants/Counterclaim Plaintiffs.

17.     Sections 201 and 202 of the Communications Act and analogous state statutes deem illegal all "unjust" "unreasonable" and "discriminatory" charges and practices by common carriers.  *See, e.g.*, 47 U.S.C. §§ 201, 202.  Retroactive imposition and collection of access charges under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of these laws, and Plaintiffs' access charge tariff provisions are unjust, unreasonable and discriminatory to the extent that they are deemed to apply to prepaid card calls at issue in this case.  In addition, it is unlawfully discriminatory for Plaintiffs to seek to recover access charges from Defendants/Counterclaim Plaintiffs under these circumstances when they have not obtained payment from or filed similar lawsuits against other prepaid card providers that are similarly situated to Defendants/Counterclaim Plaintiffs.

## COUNT I

### (Violating 47 U.S.C. §§ 201 and 202 by Retroactive Imposition of Access Charges)

18.     Counterclaim Plaintiffs incorporate the preceding paragraphs of the Counterclaims as if set forth here.

19.     Under federal law, unjust, unreasonable and discriminatory tariff provisions are unlawful.  Moreover, it is unlawful for a common carrier to impose unjust, unreasonable or discriminatory charges or to engage in unjust, unreasonable or discriminatory practices, including unjust or unreasonable applications of its tariffs.  47 U.S.C. §§ 201, 202.  To the extent that they are deemed to require payment of access charges on the past period prepaid card calls at issue in this case, the federal access tariff provisions that Plaintiffs assert here are unjust, unreasonable and discriminatory and impose unjust, unreasonable and discriminatory charges in violation of the Communications Act.  Retroactive imposition of access charges under Plaintiffs' federal access tariffs under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of the Communications Act, and would cause substantial damage to Counterclaim Plaintiffs.

## COUNT II

### (Violating State Law Prohibitions Against Unjust, Unreasonable and Nondiscriminatory Tariffs, Charges and Practices by Retroactive Imposition of Access Charges)

20.     Counterclaim Plaintiffs incorporate the preceding paragraphs of their Counterclaims as if set forth here.

21.     Under state law, unjust, unreasonable and discriminatory tariff provisions are unlawful.  Moreover, it is unlawful for a common carrier to impose unjust, unreasonable and discriminatory charges or to engage in unjust, unreasonable and discriminatory practices.  To the

extent that they are deemed to require payment of access charges on the past period prepaid card calls at issue in this case, Plaintiffs' state access tariffs are unjust, unreasonable and discriminatory and impose unjust, unreasonable and discriminatory charges in violation of these state laws.  Retroactive imposition of access charges under Plaintiffs' state access tariff under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of these state laws, and would cause substantial damage to Counterclaim Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaim Plaintiffs respectfully requests that the Court enter judgment in its favor against Plaintiffs/Counterclaim Defendants and that it grant Counterclaim Plaintiffs the following relief:

(a)    Money damages to be proven at trial, plus prejudgment interest;

(b)    Restitution;

(c)    All costs and attorney's fees incurred by Counterclaim Plaintiffs;

(d)    Preliminary  and permanent injunctive relief enjoining Plaintiffs/Counterclaim Defendants from continuing to engage in the unlawful conduct complained of; and

(e)    Such other relief as the Court deems appropriate.

Counterclaim Plaintiffs hereby demand a jury trial on all issues and claims so triable.

**BELL NUNNALLY & MARTIN LLP**

By:  /s/ Tammy S. Wood
   Tammy S. Wood
   State Bar No. 00788713
3232 McKinney Avenue, Suite 1400
Dallas, Texas  75204-2429
Telephone:  (214) 740-1400
Facsimile:  (214) 740-1499
tammyw@bellnunnally.com
**ATTORNEYS FOR DEFENDANTS,**
IDT Telecom, Inc. and Entrix Telecom, Inc.


## CERTIFICATE OF SERVICE

On the 16th day of July, 2010, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court for the Northern District of Texas using the electronic filing system of the Court.  I hereby certify that I served a true and correct copy of the foregoing document on all counsel of record for Plaintiffs electronically or in another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

     /s/ Tammy S. Wood