## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| SOUTHWESTERN BELL TELEPHONE COMPANY, BELLSOUTH TELECOMMUNICATIONS, INC., ILLINOIS BELL TELEPHONE COMPANY,  INDIANA BELL TELEPHONE COMPANY, INC. MICHIGAN BELL TELEPHONE COMPANY, NEVADA BELL TELEPHONE COMPANY, PACIFIC BELL TELEPHONE COMPANY, THE OHIO BELL TELEPHONE COMPANY, THE SOUTHERN NEW ENGLAND BELL TELEPHONE COMPANY, and WISCONSIN BELL, INC., <br><br>Plaintiffs, <br><br>vs. <br><br>IDT TELECOM, INC., ENTRIX TELECOM, INC., and JOHN DOES 1-10, | CIVIL ACTION NO. 09-CV-1268 |

### ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIMS OF DEFENDANTS IDT TELECOM, INC. AND ENTRIX TELECOM, INC.

Southwestern Bell Telephone Company, BellSouth Telecommunications, Inc., Indiana Bell Telephone Company, Inc., Illinois Bell Telephone Company, Michigan Bell Telephone Company, Nevada Bell Telephone Company, Pacific Bell Telephone Company, The Ohio Bell Telephone Company, The Southern New England Bell Telephone Company, and Wisconsin Bell, Inc. (collectively "Plaintiffs") answer the counterclaims filed by IDT Telecom, Inc. and Entrix Telecom, Inc. (collectively "Defendants") as follows:

## JURISDICTION

1. These Counterclaims are filed in part to collect damages caused by illegal acts of Plaintiffs, which are common carriers subject to the Communications Act of 1934, as amended by the Telecommunications Act of 1996. These Counterclaims therefore arise under Section 206 of the Communications Act of 1934, 47 U.S.C. § 206, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and 47 U.S.C. § 207. In addition, this Court has jurisdiction over Counterclaim Plaintiffs' state-law Counterclaims pursuant to 28 U.S.C. § 1367.

**ANSWER**:

Plaintiffs deny that they have committed any of the unspecified illegal acts alleged by Defendants. Plaintiffs admit that the interstate services addressed in Count I of their Complaint are subject to the Communications Act of 1934 as amended by the Telecommunications Act of 1996. The remaining allegations in Paragraph 1 call for legal conclusions and a response is not required. To the extent any response is required, Plaintiffs deny all remaining allegations within Paragraph 1.


2. Defendant/Counterclaim Plaintiff IDT Telecom Inc. is a Delaware Corporation that has its principal place of business in Newark, New Jersey, and provides telecommunications services, including pre-paid and rechargeable calling cards.

**ANSWER**:

Plaintiffs admit Paragraph 2 on information and belief.

3. Defendant/Counterclaim Plaintiff Entrix, is a Delaware Corporation that has its principal place of business in Newark, New Jersey, and provides telecommunications services, including pre-paid and rechargeable calling cards.

**ANSWER**:

Plaintiffs admit Paragraph 3 on information and belief.

4. Plaintiff/Counterclaim Defendant Southwestern Bell Telephone Company ("Southwestern Bell") is a Missouri corporation with its principal place of business in Dallas, Texas.  Southwestern Bell provides, among other things, telecommunications services in the states of Texas, Oklahoma, Missouri, Arkansas and Kansas.

**ANSWER**:

Plaintiffs admit that Southwestern Bell Telephone Company ("Southwestern Bell") is a Missouri corporation and has its principal place of business in Dallas, Texas.  Plaintiffs admit that Southwestern Bell does business in five different states under the following names: AT&T Arkansas, AT&T Kansas, AT&T Missouri, AT&T Oklahoma, and AT&T Texas.  Plaintiffs admit that Southwestern Bell is an incumbent local exchange carrier ("ILEC"), as defined by 47 U.S.C. § 251(h), in certain defined service territories within those states.  Plaintiffs admit that Southwestern Bell provides certain telecommunications services in those territories in which it does business.  Plaintiffs deny the remaining allegations of Paragraph 4.

5. Plaintiff/Counterclaim Defendant BellSouth Telecommunications, Inc. ("BellSouth") is a Georgia corporation and has its principal place of business in Atlanta, Georgia. BellSouth does business in nine states under the following names:  AT&T Alabama,

AT&T Florida, AT&T Georgia, AT&T Kentucky, AT&T Louisiana, AT&T Mississippi, AT&T North Carolina, AT&T South Carolina and AT&T Tennessee. BellSouth provides local exchange telecommunications services and exchange access services in the above-referenced states.

**ANSWER**:

Plaintiffs admit Paragraph 5.

6. Plaintiff/Counterclaim Defendant Illinois Bell Telephone Company (d/b/a/ AT&T Illinois) is an Illinois corporation with its principal place of business in Chicago, Illinois. Illinois Bell Telephone Company provides local exchange telecommunications services and exchange access services in the state of Illinois.

**ANSWER**:

Plaintiffs admit Paragraph 6.

7. Plaintiff/Counterclaim Defendant Indiana Bell Telephone Company (d/b/a AT&T Indiana) is an Indiana corporation with its principal place of business in Indianapolis, Indiana. Indiana Bell Telephone Company provides local exchange telecommunications services and exchange access services in the state of Indiana.

**ANSWER**:

Plaintiffs admit Paragraph 7.

8.  Plaintiff/Counterclaim Defendant Michigan Bell Telephone Company (d/b/a AT&T Michigan) is a Michigan corporation with its principal place of business in Detroit, Michigan. Michigan Bell Telephone Company provides local exchange telecommunications services and exchange access services in the state of Michigan.

**ANSWER**:

Plaintiffs admit Paragraph 8.

9.  Plaintiff/Counterclaim Defendant Nevada Bell Telephone Company (d/b/a AT&T Nevada) is a Nevada corporation with its principal place of business in Reno, Nevada. Nevada Bell Telephone Company provides local exchange telecommunications services and exchange access services in the state of Nevada.

**ANSWER**:

Plaintiffs admit Paragraph 9.

10. Plaintiff/Counterclaim Defendant Pacific Bell Telephone Company (d/b/a AT&T California) is a California corporation with its principal place of business in San Francisco, California. Pacific Bell Telephone Company provides local exchange telecommunications services and exchange access services in the state of California.

**ANSWER**:

Plaintiffs admit Paragraph 10.

11. Plaintiff/Counterclaim Defendant Ohio Bell Telephone Company (d/b/a AT&T Ohio) is an Ohio corporation with its principal place of business in Cleveland, Ohio. Ohio Bell Telephone Company provides local exchange telecommunications services and exchange access services in the state of Ohio.

**ANSWER**:

Plaintiffs admit Paragraph 11.

12. Plaintiff/Counterclaim Defendant The Southern New England Telephone Company (d/b/a AT&T Connecticut) is a Connecticut corporation with its principal place of business in New Haven, Connecticut. The Southern New England Telephone Company provides local exchange telecommunications services and exchange access services in the state of Connecticut.

**ANSWER**:

Plaintiffs admit Paragraph 12.

13. Plaintiff/Counterclaim Defendant Wisconsin Bell, Inc. (d/b/a AT&T Wisconsin) is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. Wisconsin Bell, Inc. provides local exchange telecommunications services and exchange access services in the state of Wisconsin.

**ANSWER**:

Plaintiffs admit Paragraph 13.

14. Plaintiffs seek, through this proceeding, to collect unspecified access charges under federal and state access tariffs with respect to prepaid card calls that Plaintiffs allegedly originated during the past several years.

**ANSWER**:

Denied. Plaintiffs' Complaint sets forth Plaintiffs' claims and the relief sought in this matter.

15. Defendants/Counterclaim Plaintiffs deny that they have any liability to Plaintiffs under Plaintiffs' federal and state access tariffs in connection with the prepaid card calls that Plaintiffs allegedly originated. In the event it is determined that Defendants/Counterclaim Plaintiffs are liable for access charges under Plaintiffs' federal and state access tariffs, however, Defendants/Counterclaim Plaintiffs counterclaim that any federal or state access tariff provisions determined to require Defendants/Counterclaim Plaintiffs to pay access charges on the past period prepaid card calls that are the subject of this lawsuit are unjust, unreasonable and discriminatory in violation of the federal Communications Act and state law. Among other things, it would be unjust, unreasonable and discriminatory for Plaintiffs to collect access charges under their tariffs when Plaintiffs have not issued any bills for such charges to Defendants/Counterclaim Plaintiffs (as required by their own access tariffs as a condition precedent to payment obligations), Defendants/Counterclaim Plaintiffs have not refused to pay such bills, have complied in all material respects with the terms of Plaintiffs' tariffs, and

Plaintiffs have not (until years after the fact) sought retroactive payment of access charges under their federal and state access tariffs.

**ANSWER**:

Plaintiffs admit that Defendants' Answer in this matter sets forth Defendants' admissions and denials with respect to liability for Plaintiffs' claims, but deny that Defendants' positions have any merit.  Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of Defendants' allegations with respect to purported and contingent violations of "state law" because Defendants have not identified the "state law" that allegedly would be violated if Defendants were required to pay damages or restitution for intentionally and unlawfully evading access charges.  Further responding, Plaintiffs deny that it would be unjust, unreasonable and/or discriminatory, or that any federal or state laws would be violated if Defendants were required to pay damages or restitution as a result of being found liable for unlawfully evading access charges.  Plaintiffs deny the remaining allegations contained within Paragraph 15.

16. Plaintiffs are common carriers, public utilities and public service corporations within the meaning of the Communications Act and state law, respectively, and they act in these capacities to the extent they allegedly provide access services to Defendants/Counterclaim Plaintiffs.

**ANSWER**:

Paragraph 16 calls for a legal conclusion and no response is required. To the extent any response is required, Plaintiffs deny the allegations of Paragraph 16.

17. Sections 201 and 202 of the Communications Act and analogous state statutes deem illegal all "unjust" "unreasonable" and "discriminatory" charges and practices by common carriers. *See, e.g.*, 47 U.S.C. §§ 201, 202. Retroactive imposition and collection of access charges under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of these laws, and Plaintiffs' access charge tariff provisions are unjust, unreasonable and discriminatory to the extent that they are deemed to apply to prepaid card calls at issue in this case. In addition, it is unlawfully discriminatory for Plaintiffs to seek to recover access charges from Defendants/Counterclaim Plaintiffs under these circumstances when they have not obtained payment from or filed similar lawsuits against other prepaid card providers that are similarly situated to Defendants/Counterclaim Plaintiffs.

**ANSWER**:

Sentence one of Paragraph 17 calls for a legal conclusion and a response is not required. To the extent any response is required, Plaintiffs deny that sentence one accurately quotes and/or applies 47 U.S.C. §§ 201, 202. Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of Defendants' allegations with respect to purported and contingent violations of "analogous state statutes" because Defendants have not identified the "analogous state statutes" that allegedly would be violated if Defendants were found liable and required to pay damages or restitution for unlawfully evading access charges. Plaintiffs deny that it would be unjust, unreasonable and/or discriminatory if Defendants were required to pay damages or restitution as a result of being found liable for unlawfully evading access charges. Plaintiffs deny the remaining allegations of Paragraph 17.

<a>
</a>

# COUNT I

### (Violating 47 U.S.C. §§ 201 and 202 by Retroactive Imposition of Access Charges)

18. Counterclaim Plaintiffs incorporate the preceding paragraphs of the Counterclaims as if set forth here.

**ANSWER**:

Plaintiffs incorporate the preceding paragraphs of their Answer to Defendants' Counterclaims as if set forth here.

19. Under federal law, unjust, unreasonable and discriminatory tariff provisions are unlawful. Moreover, it is unlawful for a common carrier to impose unjust, unreasonable or discriminatory charges or to engage in unjust, unreasonable or discriminatory practices, including unjust or unreasonable applications of its tariffs. 47 U.S.C. §§ 201, 202. To the extent that they are deemed to require payment of access charges on the past period prepaid card calls at issue in this case, the federal access tariff provisions that Plaintiffs assert here are unjust, unreasonable and discriminatory and impose unjust, unreasonable and discriminatory charges in violation of the Communications Act. Retroactive imposition of access charges under Plaintiffs' federal access tariffs under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of the Communications Act, and would cause substantial damage to Counterclaim Plaintiffs.

**ANSWER**:

Sentences one and two of Paragraph 19 call for legal conclusions and a response is not required. To the extent any response is required, Plaintiffs deny that it would be unjust, unreasonable, and/or discriminatory if Defendants were required to pay damages or restitution after being found liable for unlawfully evading access charges. Plaintiffs deny the remaining allegations of Paragraph 19.

## COUNT II

**(Violating State Law Prohibitions Against Unjust, Unreasonable and Nondiscriminatory Tariffs, Charges and Practices by Retroactive Imposition of Access Charges)**

20. Counterclaim Plaintiffs incorporate the preceding paragraphs of their Counterclaims as if set forth here.

**ANSWER**:

Plaintiffs incorporate the preceding paragraphs of their Answer to Defendants' Counterclaims as if set forth here.

21. Under state law, unjust, unreasonable and discriminatory tariff provisions are unlawful. Moreover, it is unlawful for a common carrier to impose unjust, unreasonable and discriminatory charges or to engage in unjust, unreasonable and discriminatory practices. To the extent that they are deemed to require payment of access charges on the past period prepaid card calls at issue in this case, Plaintiffs' state access tariffs are unjust, unreasonable and discriminatory and impose unjust, unreasonable and discriminatory charges in violation of these state laws. Retroactive imposition of access charges under Plaintiffs' state access tariff under the circumstances presented here would be unjust, unreasonable and discriminatory in violation of these state laws, and would cause substantial damage to Counterclaim Plaintiffs.

11

**ANSWER:**

Sentences one and two of Paragraph 21 call for legal conclusions and a response is not required. To the extent that a response is required, Plaintiffs lack knowledge or information sufficient to form a belief as to the truth of Defendants' allegations with respect to purported and contingent violations of "state law" because Defendants have not identified the "state law" that allegedly would be violated if Defendants were required to pay damages or restitution for unlawfully evading access charges. To the extent a response is required, Plaintiffs deny that any violation of any state law would occur if Defendants are required to pay damages after being found liable for intentionally and unlawfully evading access charges. Plaintiffs deny the remaining allegations of Paragraph 21.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaim Plaintiffs respectfully requests that the Court enter judgment in its favor against Plaintiffs/Counterclaim Defendants and that it grant Counterclaim Plaintiffs the following relief:

(a) Money damages to be proven at trial, plus prejudgment interest;

(b) Restitution;

(c) All costs and attorney's fees incurred by Counterclaim Plaintiffs;

(d) Preliminary and permanent injunctive relief enjoining Plaintiffs/Counterclaim Defendants from continuing to engage in the unlawful conduct complained of; and

(e) Such other relief as the Court deems appropriate. Counterclaim Plaintiffs hereby demand a jury trial on all issues and claims so triable.

**ANSWER:**

Plaintiffs deny Defendants are entitled any relief, including the relief requested.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred in whole or in part because Defendants fail to state claims upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

Defendants are estopped in whole or in part from asserting their counterclaims.

#### THIRD AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred in whole or in part by the doctrine of laches.

#### FOURTH AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred in whole or in part by the doctrine of unclean hands.

#### FIFTH AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred in whole or in part because Defendants have failed to satisfy contractual obligations to Plaintiffs, and have violated the terms of Plaintiffs lawful federal and state tariffs.

### SIXTH AFFIRMATIVE DEFENSE

Any alleged "damages" are the result of Defendants' intentional, wrong and/or unlawful acts or a result of Defendants' violations of applicable laws, statutes, regulations, codes, orders, federal tariffs or state tariffs, or the Communications Act, 47 U.S.C. §§ 151 *et seq*.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants counterclaims are barred in whole or in part by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred in whole or in part because Defendants have failed to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

Defendants' counterclaims are barred in whole or in part by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE

Defendants' scheme to disguise its customers' long distance calls as local calls and thereby evade access charges prevented Plaintiffs from billing Defendants for those access charges.

### ELEVENTH AFFIRMATIVE DEFENSE

Even if Defendants' scheme to avoid paying access charges had not prevented Plaintiffs from billing Defendants for the access charges, it would have been futile to bill Defendants.

<div style="text-align:center">TWELFTH AFFIRMATIVE DEFENSE</div>

Defendants' counterclaims are barred in whole or in part by Defendants' fraud.

<div style="text-align:center">THIRTEENTH AFFIRMATIVE DEFENSE</div>

Defendants' counterclaims are barred in whole or part by Defendants' illegal actions.

<div style="text-align:center">FOURTEENTH AFFIRMATIVE DEFENSE</div>

Defendants' counterclaims are barred in whole or part by the filed tariff doctrine.

<div style="text-align:center">**RESERVATION OF RIGHTS**</div>

Plaintiffs hereby expressly reserve all of their rights, whether at law or equity, to amend their Answer to Defendants' Counterclaims and to assert any additional separate defenses or to assert any affirmative claims against any party or non-party during or upon the completion of investigation and discovery.

Dated:  September 7, 2010                Respectfully submitted,

                                         PLAINTIFFS


                                         By: /s/ Michael T. Sullivan

                                         Richard M. Parr
                                         State Bar No. 15534250
                                         AT&T Services, Inc. – Legal Department
                                         208 S. Akard St., Suite 2935
                                         Dallas, Texas  75202
                                         Telephone (214) 757-3386

                                         Timothy A. Whitley
                                         State Bar No. 00797660
                                         Southwestern Bell Telephone Company
                                         6500 West Loop South, Zone 5.5
                                         Bellaire, Texas  77401
                                         Telephone (713) 567-8114
                                         Facsimile  (713) 567-4669

         Theodore A. Livingston
         Demetrios G. Metropoulos
         Michael T. Sullivan
         Mayer Brown LLP
         71 S. Wacker Drive
         Chicago, IL 60606
         Telephone:  (312) 782-0600
         Facsimile:  (312) 701-7711

         *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on September 7, 2010 a true and correct copy of the foregoing was served upon counsel for Defendants via electronic means pursuant to Local Rule 5.1(d) and upon all other counsel of record via U.S. Mail, postage prepaid.

                                                                   /s/ Michael T. Sullivan
                                                                   Michael T. Sullivan