UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SOUTHWESTERN BELL TELEPHONE COMPANY, BELLSOUTH TELECOMMUNICATIONS, INC., INDIANA BELL TELEPHONE COMPANY, INC., ILLINOIS BELL TELEPHONE COMPANY, MICHIGAN BELL TELEPHONE COMPANY, NEVADA BELL TELEPHONE COMPANY, PACIFIC BELL TELEPHONE COMPANY, THE OHIO BELL TELEPHONE COMPANY, THE SOUTHERN NEW ENGLAND BELL TELEPHONE COMPANY, and WISCONSIN BELL, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> IDT TELECOM, INC., ENTRIX TELECOM, INC., and JOHN DOES 1-10, <br><br> Defendants. | CIVIL ACTION NO. 09-CV-1268 |

## AGREED PROTECTIVE ORDER

Upon motion of all the parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED that:

1.  <u>Definitions</u>.  The term "Designating Party" means the party producing or designating documents or deposition testimony as "Confidential" under this Protective Order. The term "Receiving Party" means the party inspecting and/or receiving documents or deposition testimony designated as "Confidential" under this Protective Order.

2. <u>Designation of Documents, Information or Deposition Testimony</u>. A party may designate as "Confidential" any document or other information (including answers to interrogatories and requests for admission) or deposition testimony that constitutes or discloses confidential or proprietary information that is not readily ascertainable, through proper means, by the public or the party's competitors, and may include, but is not limited to: research and development information; marketing information; commercial or financial information; business plans; sales or marketing strategies; pricing plans; new product development plans; manufacturing and production strategies and processes; costs of manufacture; profit information; financial results and projections; sales data; and competitive information concerning customers, vendors, dealers or employees. All copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose the substance of documents, information or deposition testimony designated as Confidential shall also be deemed Confidential.

3. <u>Limited Use</u>. Documents, information and deposition testimony designated as Confidential pursuant to this Protective Order shall be used only for purposes related to this lawsuit and any appeals therefrom, and shall not be used for any business, commercial, litigation or other purpose. Disclosure of information from documents, information or deposition testimony designated as Confidential is authorized only in accordance with the terms of this Protective Order, and unauthorized disclosure of such information is prohibited.

4. <u>Scope of Disclosure of Confidential Material</u>. Documents, information and deposition testimony designated as Confidential shall be disclosed only to:

    a.    attorneys for the parties and their support staff who are assisting in the prosecution and/or defense of the claims in this proceeding;

    b.    parties, and current and former employees of any party or affiliates of any party, to this proceeding who have a need to review Confidential documents, information or deposition testimony in order to prosecute and/or defend the claims in this proceeding; provided that such persons

        have first read and agreed to abide by the terms of this Protective Order by executing Exhibit A hereto;

c.    experts, consultants, or persons or firms employed to provide litigation support services relating to this proceeding (including their support staffs, employees and associates) who are not parties, or employees of any party to or affiliates of any party, to this proceeding; provided that such experts, consultants, persons or firms have first read and agreed to abide by the terms of this Protective Order by executing Exhibit A hereto;

d.    the Court, special master, other court personnel, stenographic and other deposition reporters and mediators (so long as the mediators are jointly retained by the parties);

e.    any trial witness provided such witness has first read and agreed to abide by the terms of this Protective Order by executing Exhibit A hereto;

f.    any deposition witness, provided that such witness has first read and agreed to abide by the terms of this Protective Order by executing Exhibit A hereto; and

g.    any other person, entity or firm, with the prior written consent of the Designating Party (which consent shall not unreasonably be withheld)

The protections of this Order shall not apply to documents or information that, prior to disclosure in this action, were public knowledge, provided that the documents or information did not become public knowledge through the act or omission of the Receiving Party.

5.    <u>Notice/Marking</u>. To invoke protection under this Protective Order, the Designating Party shall provide appropriate notice that documents, information or deposition testimony have been designated as Confidential, such as by conspicuously marking documents, information and deposition testimony designated as Confidential with the designation "**CONFIDENTIAL.**" It shall be the duty of the Receiving Party to comply with this Protective Order from the time of such notice.

6.    <u>Challenge to Confidentiality Designation</u>. If any party wishes to challenge a designation of a document, information or deposition testimony as Confidential, that party's counsel shall first make an appropriate request in writing to counsel for the Designating Party

that the Confidential designation be withdrawn. The parties shall attempt to resolve such a request by agreement prior to seeking relief from the Court. If consent to such request is not granted within five business days of the date of the request, the party seeking disclosure or redesignation may seek relief from the Court. Any written motion and accompanying materials shall be filed under seal in the manner specified in paragraph 12.

7. Amendment/Modification. This Protective Order may be amended with respect to specific documents, information or deposition testimony without leave of Court by the agreement of counsel for the Designating Party and Receiving Parties in the form of a stipulation that shall be filed in this litigation. This Protective Order shall remain in force and effect indefinitely until modified, superseded or terminated on the record by agreement of the parties hereto or by order of this Court. Nothing herein shall prevent any party who has appeared and is bound by the terms of this Protective Order from applying to the Court for relief therefrom or from applying to the Court for a further protective order or for injunctive or other relief. This Court shall retain full and exclusive jurisdiction during the pendency of this proceeding and thereafter to enforce this Protective Order and to grant relief for any violation thereof.

8. Inadvertent disclosure of Confidential information. The inadvertent or unintentional disclosure of documents, information or deposition testimony containing Confidential information, regardless of whether the documents, information or deposition testimony were so marked at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon discovery of such inadvertent error, counsel for the parties shall, in any event, cooperate to restore the confidentiality of the Confidential documents, information or deposition testimony.

9. <u>Inadvertent disclosure of privileged information</u>. The disclosure of protected communications or information shall not constitute a waiver of any privilege or other protection (including work product) if the Producing Party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The Producing Party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if, for example, that party utilized either attorney screening, keyword search term screening, advanced analytical software applications, and/or linguistic tools in screening for privilege, work product, or other protection. In the event of the inadvertent disclosure of protected materials, the Producing Party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within a reasonable time after the date that the Producing Party discovers the inadvertent disclosure, the Producing Party notifies the Receiving Party of the inadvertent disclosure and instructs the Receiving Party to promptly return or destroy all copies of the inadvertently produced communications or information (including any such communications or information contained in work product). Upon receiving such a request from the Producing Party, the Receiving Party shall promptly, at their discretion, elect either to return or to destroy all copies of such inadvertently produced communications or information (including any such communications or information contained in work product), and shall make no further use of such communications or information (or such communications or information contained in work product). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client, work product, or other designation of protection.

10. <u>Depositions</u>. Deposition transcripts of testimony taken in this proceeding shall be presumed to be Confidential from the time of the taking of the deposition until the expiration of twenty business days after the receipt of the final transcript, during which time the Designating

Party may designate portions of the testimony as Confidential by providing to counsel for the other parties a written description, specifying the pages and lines number that are to be designated as Confidential. Counsel also may make that designation on the record at the time of deposition. The cover and each page of a deposition transcript containing Confidential testimony shall be marked as required by paragraph 5. Counsel for any party receiving a copy of a deposition transcript shall be responsible for marking the copy as required by this Protective Order.

11. <u>Exceptions for Subpoena and Legal Process</u>. Notwithstanding any provision in this Protective Order, the parties are permitted to disclose Confidential documents, information or deposition testimony as required pursuant to subpoena or other legal process served upon any of the parties, provided that a Receiving Party notifies the Designating Party of such subpoena or other legal process within a reasonable time prior to the anticipated disclosure of Confidential documents, information or deposition testimony to afford the Designating Party an opportunity to defend against disclosure pursuant to such subpoena or legal process.

12. <u>Filing With Court</u>. Written material containing documents, information or deposition testimony designated as Confidential, or copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose the substance of such documents, information or deposition testimony, when filed with or submitted to the Clerk of Court, special master, or other person appointed by the Court, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed (1) the title and docket number of this proceeding, (2) the phrase "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and (3) a statement substantially in the following form or containing language of similar import:

> This envelope contains confidential information that is to be kept under seal except by written agreement of the parties or order of the Court.

Such endorsement shall not prevent a second copy of any pleadings or papers specifically intended for review by the Court from being hand-delivered to the Court's chambers to ensure that the same is brought promptly to its attention, provided that each page thereof that bears information containing or derived from Confidential documents or deposition testimony shall be marked in accordance with paragraph 5.

13. <u>Final Determination</u>.  Upon final determination of this action (including the termination of all appeals and the expiration of the time for seeking review from all courts of appellate jurisdiction), each party shall, within 90 days of written demand by the Designating Party , either return to the Designating Party or destroy (and promptly represent to other parties that to the best of its knowledge this destruction has occurred) all documents, information and deposition transcripts marked Confidential in its or his possession, except such material as may be contained in the written discovery responses, documents filed with the Court, transcripts, and attorneys' work product, which may be retained in conformity with this Protective Order. Further, at the request of any party, and again upon final determination of this action as defined above, the Clerk of the Court shall return any item filed under seal to the filing party.  After the final determination of this action, the provisions of this Protective Order shall continue to be binding upon all counsel, the parties and their officers and employees, witnesses, and all others subject to this Protective Order.

14.  Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Confidential information, or any portion thereof, is privileged, otherwise non-discoverable, or not admissible in evidence in this action or any other proceeding.

15. This Order has no effect upon, and shall not apply to: (i) any Producing Party's use of its own Confidential information for any purpose, or (ii) any use of documents or other information obtained or developed independently of discovery in this action.

SIGNED this the 5th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

| ATTORNEY FOR THE PLAINTIFFS | ATTORNEY FOR THE DEFENDANTS |
|---|---|
| By: _____<br>Theodore A. Livingston<br>Illinois Bar No. 01678507<br>Email: tlivingston@mayerbrown.com<br>Demetrios G. Metropoulos<br>Illinois Bar No. 6216547<br>Email: dmetropoulos@mayerbrown.com<br>Michael T. Sullivan<br>Illinois Bar No. 6216922<br>Email: msulllivan@mayerbrown.com<br>Mayer Brown LLP<br>71 S. Wacker Drive<br>Chicago, IL 60606<br>Telephone: (312) 782-0600<br>Facsimile: (312) 701-7711<br><br>Richard M. Parr<br>Texas State Bar No. 15534250<br>AT&T Services, Inc. – Legal Department<br>208 S. Akard St., Suite 2935<br>Dallas, Texas 75202<br>Telephone (214) 757-3386<br>Facsimile: (214) 748-1660<br>Email: rp3639@att.com<br><br>Timothy A. Whitley<br>Texas State Bar No. 00797660<br>Southwestern Bell Telephone Company<br>6500 West Loop South, Zone 5.5<br>Bellaire, Texas 77401<br>Telephone (713) 567-8114<br>Facsimile (713) 567-4669<br>Email: timothy.a.whitley@att.com | By: /s/ Tammy S. Wood<br>Tammy S. Wood<br>Texas State Bar No. 00788713<br>Bell Nunnally & Martin LLP<br>1400 One McKinney Plaza<br>3232 McKinney Avenue<br>Dallas, Texas 75204-2429<br>Telephone: (214) 740-1400<br>Facsimile: (214) 740-5765<br>Email: tammyw@bellnunnally.com<br><br>Elliot Rothstein<br>Bar No. State of New York 2815942<br>McElroy, Deutsch, Mulvaney<br>  & Carpenter, LLP<br>Three Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102<br>Telephone: (973) 622-7711<br>Facsimile: (973) 622-5314<br>Email: erothstein@mdmc-law.com<br><br>Josepha P. La Sala<br>Bar - Supreme Court of New York 268241972<br>McElroy, Deutsch, Mulvaney<br>  & Carpenter, LLP<br>1300 Mount Kemble Avenue<br>P.O. Box 2075<br>Morristown, New Jersey 07962<br>Telephone: (973) 993-8100<br>Facsimile: (973) 425-0161<br>Email: jlasala@mdmc-law.com |

Joshua M. Bobeck
Bar No. for District of Columbia 443620
Bingham McCutchen LLP
2020 K Street NW
Washington, DC  20006-1806
Telephone:  (202) 373-6010
Facsimile:  (202) 373-6414
Email:  josh.bobeck@bingham.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SOUTHWESTERN BELL TELEPHONE COMPANY, BELLSOUTH TELECOMMUNICATIONS, INC., INDIANA BELL TELEPHONE COMPANY, INC., ILLINOIS BELL TELEPHONE COMPANY, MICHIGAN BELL TELEPHONE COMPANY, NEVADA BELL TELEPHONE COMPANY, PACIFIC BELL TELEPHONE COMPANY, THE OHIO BELL TELEPHONE COMPANY, THE SOUTHERN NEW ENGLAND BELL TELEPHONE COMPANY, and WISCONSIN BELL, INC., <br><br>    Plaintiffs, <br><br> vs. <br><br> IDT TELECOM, INC., ENTRIX TELECOM, INC., and JOHN DOES 1-10, <br><br>    Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § CIVIL ACTION NO. 09-CV-1268 |

## EXHIBIT A TO PROTECTIVE ORDER

The undersigned hereby certifies that he has read and agrees to abide by the terms of the Protective Order entered in this proceeding.

Date: _____          _____
                                                    Signature

                                                    _____
                                                    Name

677466_1.DOC

AGREED PROTECTIVE ORDER                                                               Page 10