# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| SOUTHWESTERN BELL TELEPHONE COMPANY, BELLSOUTH TELECOMMUNICATIONS, INC., ILLINOIS BELL TELEPHONE COMPANY, INDIANA BELL TELEPHONE COMPANY INC., MICHIGAN BELL TELEPHONE COMPANY, NEVADA BELL TELEPHONE COMPANY, PACIFIC BELL TELEPHONE COMPANY, THE OHIO BELL TELEPHONE COMPANY, THE SOUTHERN NEW ENGLAND TELEPHONE COMPANY and WISCONSIN BELL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> IDT TELECOM, INC., ENTRIX TELECOM INC., and JOHN DOES 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No. 3-09-cv-01268-P ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION
FOR RECONSIDERATION OF THE COURT'S JUNE 3, 2010 ORDER**

Richard M. Parr
State Bar No. 15534250
AT&T Services, Inc. – Legal Department
208 S. Akard St., Suite 2935
Dallas, TX 75202
Telephone (214) 757-3386

Timothy A. Whitley
State Bar No. 00797660
AT&T Services, Inc.
208 S. Akard St., Suite 2900
Dallas, Texas 75202
Telephone (214) 757-7503

Theodore A. Livingston (*admitted pro hac vice*)
Demetrios G. Metropoulos (*admitted pro hac vice*)
Michael T. Sullivan (*admitted pro hac vice*)
Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone (312) 782-0600

*Attorneys for Plaintiffs*

When Plaintiffs filed this suit two years ago, defendants IDT Telecom, Inc. and Entrix Telecom, Inc. (collectively, "IDT") moved to stay. IDT argued that the Federal Communications Commission ("FCC") was "already considering" the issue raised by the complaint and asked the Court to wait for a ruling under the doctrine of primary jurisdiction. Oct. 9, 2009 IDT Motion, ¶ 6. IDT's motion was fully briefed – indeed, IDT moved for supplemental briefing and fully briefed that motion too. But on June 3, 2010, the Court entered a 13-page order denying the stay.

The Court was right. Years before IDT's motion, the FCC had issued an order unambiguously "requiring all prepaid calling card service providers to pay intrastate and interstate access charges." *In re Regulation of Prepaid Calling Card Services*, 21 FCC Rcd. 7290, ¶ 27 (2006) ("*Comprehensive Calling Card Order*"). As the Court explained, "the FCC desired judicial remedies to sustain the system until industry reform is in place," and the FCC's rules and orders "provide[] the necessary tools for adjudication without industry referral." June 3, 2010 Order at 8. "Moreover, to invoke primary jurisdiction in this instance would only protract litigation and increase financial burdens." *Id*.

IDT now wants another bite at the stay apple. What is the basis for that request? There is none. Much of IDT's motion for reconsideration simply recites the factors in assessing primary jurisdiction claims (factors the Court already weighed in its Order) and rehashes IDT's arguments (arguments the Court already rejected in its Order). IDT goes so far as to repeatedly "incorporate by reference" its prior arguments. IDT Motion at 3, 7, 10. Reconsideration motions are not a forum for a movant "to rehash its previously made arguments" (*Dos Santos v. Bell Helicopter Textrone, Inc.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009)) and this Court should reject out of hand IDT's attempt to relitigate the stay motion.

The only "new" entry in IDT's motion is a quote lifted from a footnote to a 228-page Notice of Proposed Rulemaking (which contains over 1,100 other footnotes) that the FCC issued

over 3 months ago. *In re Connect America Fund: A National Broadband Plan For Our Future*, 2011 WL 466775, ¶ 684 n.1101 (Notice of Proposed Rulemaking, rel. Feb. 9, 2011) ("*Notice*"). That footnote, which contains only one sentence of text excluding citations, does not support reconsideration of the Court's Order. IDT claims that in this one-sentence footnote the FCC said (i) that it would now "actively consider" the applicability of access charges to prepaid calling card calls, (ii) that the issue "was not clearly resolved" by prior FCC orders, and (iii) that the issue "must be resolved as part of the FCC's industry-wide examination of intercarrier compensation." IDT Motion, at 6. The FCC said none of those things. IDT is simply trying to put words into the FCC's mouth.

What the FCC is really considering is a set of prospective reforms of "intercarrier compensation": the charges that carriers pay each other for transporting calls. *Notice*, ¶¶ 1, 34. That is hardly news. The FCC has been considering such reforms for a decade now, but those efforts "stalled" with no concrete results. *Id*. ¶ 501. In denying IDT's original motion for a stay, the Court knew full well that the FCC was considering prospective reforms to intercarrier compensation. The Court also knew, though, that the FCC had issued a ruling on prepaid calling cards in 2006 that expressly mandates "interim requirements" that are "necessary to provide regulatory certainty and ensure compliance with our existing access charge requirements . . . while we consider broader reform." June 3, 2010 Order at 8 (citing *Comprehensive Calling Card Order*, ¶ 21). "Thus, the 2006 FCC Order makes clear that the FCC desired judicial remedies to sustain the system until industry reform is in place." June 3, 2010 Order at 8. IDT, by attempting to *stall* judicial remedies until *after* industry reforms take place, is trying to steer the Court in the exact opposite direction of the course charted by the FCC.

The FCC's February 2011 *Notice* does not say anything substantive about prepaid calling cards, does not even announce any plans to decide anything about prepaid calling cards, and it

certainly does not overturn the FCC's prior orders on prepaid calling cards. All the FCC did was invite parties to "comment on any other outstanding technical or policy issues related to intercarrier compensation reform." *Notice*, ¶ 684. The accompanying footnote simply cites the dispute over calling cards as an example of an issue that some parties – particularly IDT – had commented on in the past. *Id*. n.1101. Contrary to IDT's misreading, the FCC did not say that it was "actively considering" this issue, or any other issue that parties might raise in their comments, and it certainly did not endorse IDT's views about the existing rules.[1]

Moreover, it is ironic that IDT would claim that the FCC's *Notice* is a reason to stall this lawsuit. One reason why the FCC is considering prospective rate reform is that the existing rate structures (such as higher rates for long-distance calls than for local calls) "create the incentive for service providers to disguise the nature, or conceal the source, of the traffic being sent to avoid or reduce payments to other service providers." *Notice*, ¶ 605. The complaint here seeks relief from IDT's attempt to disguise long-distance calls as "local" calls and thus evade access charges, by having customers dial a number that looks "local" in order to reach a platform for placing long-distance calls. IDT's practice is thus the sort of arbitrage that the FCC has condemned. Indeed, the Court recognized that the FCC issued its 2006 *Comprehensive Calling Card Order* because "the FCC aimed to eliminate 'incentives to reduce exposure to charges [telecommunications services providers] may owe.'" June 3, 2010 Order at 7 (quoting *Comprehensive Calling Card Order*, ¶ 8).

Finally, in a futile attempt to pad its motion, IDT cites a few recent decisions on access charge issues different than the one presented here. None of them carries any weight. *Pac-West*

---

[1] IDT asserts (at 3) that plaintiffs "have submitted comments" on the calling card issue. But it is hardly news that plaintiffs submitted comments that the *Notice* invited. The vast majority of those comments (over 250 pages) deal with issues other than calling cards. As to calling cards, plaintiffs simply reminded the FCC that its existing rules and orders already resolve the access charge issue, exactly as the Court found here.

3

*Telecomm, Inc. v. MCI Communications Servs., Inc.*, 2011 WL 1087195 (E.D. Cal. March 23, 2011) (IDT Appx. 26-29) and *CenturyTel of Chatham, LLC v. Sprint Communications Co.* (IDT Appx. 30-36) stayed cases that dealt with calls transmitted using Voice over Internet Protocol technology, not prepaid calling card calls transmitted over the traditional circuit-switched technology involved here. The unpublished opinion in *XO Communications Servs., Inc. v. AT&T Corp.* (IDT Appx. 37-40) contains no discussion about what issues are involved, but certainly did not address the prepaid calling services at bar. The FCC's decision in *AT&T Corp. v. YMax Communications Corp*. (IDT Appx. 41-60) dealt with a carrier that was very different from typical local phone companies (for example, it had no local phone service customers, and only carried calls because of a relationship with its close affiliate, MagicJack). The FCC expressly stated that its order in that case "addresses only the particular language in YMax's tariff and the specific configuration of YMax's network architecture." IDT Appx. 42 n.7. Unlike those other cases, this case involves the application of access charges to straightforward long-distance calls, and there is no basis for IDT's argument (at 12) that this case involves "technical" tariff issues.

## CONCLUSION

Contrary to IDT's rhetoric (at 9), plaintiffs are not "choos[ing] the rules by which prepaid card companies compete." The FCC wrote the rules, and this Court will interpret and enforce those rules, the way courts do all the time. Staying this suit would allow IDT to continue *evading* the rules while plaintiffs' losses continue to mount. The Court properly rejected IDT's motion to stay this suit, and rightly so.

The real reason why IDT is rehashing its already-rejected arguments for a stay is not the one-sentence FCC footnote; the *Notice* containing that footnote came out over three months ago, and IDT knows full well that the footnote does not change anything. Rather, after months of delay and numerous follow-up requests from plaintiffs, IDT has finally said that it has completed

4

its production of documents in response to plaintiff's first request for production, which was issued nearly a year ago. With the facts about IDT's scheme finally coming to light, and with depositions about to begin, the case should be moving forward, not stalling. Thus, for the reasons set forth above, Plaintiffs respectfully request that the Court deny Defendants' motion for reconsideration.

Dated: June 7, 2011                                    Respectfully submitted,

                                                       PLAINTIFFS


                                                       By: s/ Demetrios G. Metropoulos


Richard M. Parr                                        Theodore A. Livingston (*admitted pro hac vice*)
State Bar No. 15534250                                 Demetrios G. Metropoulos (*admitted pro hac vice*)
AT&T Services, Inc. – Legal Department                 Michael T. Sullivan (*admitted pro hac vice*)
208 S. Akard St., Suite 2935                           Mayer Brown LLP
Dallas, TX 75202                                       71 South Wacker Drive
Telephone (214) 757-3386                               Chicago, Illinois 60606
                                                       Telephone (312) 782-0600
Timothy A. Whitley
State Bar No. 00797660
AT&T Services, Inc.
208 S. Akard St., Suite 2900                           *Attorneys for Plaintiffs*
Dallas, Texas 75202
Telephone (214) 757-7503

CERTIFICATE OF SERVICE

      The undersigned hereby certifies, on this 7th day of June, 2011, a true and correct copy of the foregoing was served upon lead counsel for Defendants via electronic means pursuant to Local Rule 5(b)(D).

s/ Demetrios G. Metropoulos
Demetrios G. Metropoulos
